The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIUS TERRELL, as an individual and as a representative of the class,

                    Plaintiffs,

    v.

COSTCO WHOLESALE CORP.,

                    Defendant.

No. 2:16-cv-01415-JLR

**DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY**

NOTE ON MOTION CALENDAR:

FRIDAY, OCTOBER 21, 2016

ORAL ARGUMENT REQUESTED

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

1

## **TABLE OF CONTENTS**

2                                                                                                 **Page**

3    PRELIMINARY STATEMENT ................................................................................. 1

4    RELEVANT FACTUAL ALLEGATIONS ............................................................ 3

5    RELEVANT PROCEDURAL BACKGROUND...................................................... 5

6    LEGAL STANDARD................................................................................................ 7

7    ARGUMENT ............................................................................................................. 9

8        I.       This Court Lacks Subject Matter Jurisdiction Under Article III To
                  Adjudicate Plaintiff's Claim, And His Complaint Must Therefore Be
9                 Dismissed................................................................................................... 9

10              A.      Plaintiff Does Not Allege Any Injury-In-Fact. ......................... 9

11              B.      Allegations of a Bare Statutory Violation Do Not Satisfy Article
                        III's Injury-In-Fact Requirement. .............................................. 10

12              C.      An Intangible "Informational" Injury Is Not A Concrete Harm
                        Sufficient to Satisfy *Spokeo*. ..................................................... 15

13              D.      Plaintiff's Vague Allegations Regarding "Privacy" Rights Are
14                      Conclusory And Insufficient To Establish An Injury-In-Fact, And
                        In Any Case Have Nothing to Do With The Stand-Alone
15                      Disclosure Requirement............................................................. 18

16       II.      Remand of Plaintiff's Purported Class Action Would be Futile and
                  Contrary to the Class Action Fairness Act............................................. 21

17              A.      Plaintiff's Blatant Lack of Standing Renders Remand Futile.................. 21

18              B.      The Class Action Fairness Act Compels the Dismissal of
                        Plaintiff's Complaint................................................................. 23

19    CONCLUSION.......................................................................................................... 24

20

21

22

23

24

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
ii
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

1

## Table of Authorities

2
                                                                              **Page(s)**

3
**Cases**

4
*Allan v. Univ. of Washington*,
   959 P.2d 1184 (Wash. Ct. App. 1998), *aff'd*, 997 P.2d 360 (Wash. 2000) ............................22

5
*Ashcroft v. Iqbal*,
6   556 U.S. 662 (2009)..................................................................................................7, 9, 18

7
*Attias v. CareFirst, Inc.*,
   2016 WL 4250232 (D.D.C. Aug. 10, 2016) ...........................................................................14

8
*Bell v. City of Kellogg*,
   922 F.2d 1418 (9th Cir. 1991) ................................................................................................21
9

*Booth v. Appstack, Inc.*,
10   2016 WL 3030256 (W.D. Wash. May 24, 2016)................................................................12, 13

11
*Braitberg v. Charter Commc'ms, Inc.*,
   2016 WL 4698283 (8th Cir. Sept. 8, 2016) ......................................................................14, 19
12

*Burghy v. Dayton Racquet Club, Inc.*,
13   695 F. Supp. 2d 689 (S.D. Ohio 2009) .............................................................................17, 19

14
*Cetacean Cmty. v. Bush*,
   386 F.3d 1169 (9th Cir. 2004) ................................................................................................11

15
*Chapman v. Pier 1 Imports (U.S.) Inc.*,
16   631 F.3d 939 (9th Cir. 2011) ....................................................................................................9

17
*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983)....................................................................................................................9

18
*Claffey v. Napa Valley Cmty. Hous.*,
   294 F. App'x 306 (9th Cir. 2008) ...........................................................................................18
19

*Cleveland Police Patrolmen's Ass'n v. City of Cleveland*,
20   2016 WL 70570 (N.D. Ohio Jan. 6, 2016)...........................................................................22

21
*Degenhart v. AIU Holdings, Inc.*,
   2010 WL 4852200 (W.D. Wash. Nov. 26, 2010).....................................................................8

22
*Duqum v. Scottrade, Inc.*,
23   2016 WL 3683001 (E.D. Mo. July 12, 2016) ........................................................................14

24
DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
iii
2:16-cv-01415-JLR

**WINTERBAUER & DIAMOND** PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

*DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Connect Ins. Agency, Inc.*,
2015 WL 3797162 (W.D. Wash. June 17, 2015).......................................................7

*Evers v. The TJX Companies, Inc.*,
No. 15-cv-13071, ECF No. 49 (D. Mass. Aug. 26, 2016) ...........................13, 14, 20

*Federal Election Comm'n v. Akins*,
524 U.S. 11 (1998)..........................................................................................16

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*,
528 U.S. 167 (2000)..........................................................................................8

*Grant Cty. Fire Prot. Dist. No. 5 v. City of Moses Lake*,
150 Wash.2d 791 (2004).......................................................................................21

*Groshek v. Time Warner Cable, Inc.*,
2016 WL 4203506 (E.D. Wis. Aug. 9, 2016) ...........................................13, 14, 20

*Gubala v. Time Warner Cable, Inc.*,
2016 WL 3390415 (E.D. Wis. June 17, 2016)........................................................14

*Hancock v. Urban Outfitters, Inc.*,
2016 WL 3996710 (D.C. Cir. July 26, 2016) ........................................................14

*Havens Realty Corp. v. Coleman*,
455 U.S. 363 (1982)..........................................................................................16

*Impress Commc'ns v. Unumprovident Corp.*,
335 F. Supp. 2d 1053 (C.D. Cal. 2003) ...............................................................22

*Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*,
500 U.S. 72 (1991)..........................................................................................21

*Jamison v. Bank of Am., N.A.*,
2016 WL 3653456 (E.D. Cal. July 7, 2016) ...................................................14, 17

*Jeffers v. City of Seattle*,
597 P.2d 899 (Wash Ct. App. 1979)......................................................................18

*Just v. Target Corp.*,
2016 WL 2757370 (D. Minn. May 12, 2016).........................................................19

*Larroque v. First Advantage LNS Screening Solutions, Inc.*,
No. 15-cv-4684, Slip op. (N.D. Cal. Sept. 2, 2016)..............................11, 13, 14, 19

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)........................................................................................8, 9

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
iv
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

1

*Manuel v. Wells Fargo Bank, Nat. Ass'n*,
   123 F. Supp. 3d 810 (E.D. Va. 2015) .............................................................16

2

*McCollough v. Smarte Carte, Inc.*,
3      2016 WL 4077108 (N.D. Ill. Aug. 1, 2016) ...................................................14

4  *Mendoza v. Microsoft Inc.*,
      2014 WL 4540213 (W.D. Wash. Sept. 11, 2014) ............................................12
5
   *Middlesex Surgery Ctr. v. Horizon*,
6      2013 WL 775536 (D. N.J. Feb. 28, 2013) ......................................................22

7  *Nelson v. Appleway Chevrolet, Inc.*,
      160 Wash. 2d 173 (Wash. 2007)....................................................................21
8
   *Norkunas v. Wynn Las Vegas, LLC*,
9      343 F. App'x 269 (9th Cir. 2009) ....................................................................7

10 *O'Shea v. Littleton*,
      414 U.S. 488 (1974).........................................................................................8

11 *Panzer v. Swiftships, LLC*,
      2015 U.S. Dist. LEXIS 144200 (E.D. La. Oct. 23, 2015) ...............................15
12
   *Public Citizen v. Department of Justice*,
13     491 U.S. 440 (1989).......................................................................................16

14 *Raines v. Byrd*,
      521 U.S. 811 (1997).................................................................................7, 8, 9
15
   *Ryals v. Strategic Screening Sols., Inc.*,
16     117 F. Supp. 3d 746 (E.D. Va. 2015) .............................................................16

17 *Safe Air for Everyone v. Meyer*,
      373 F.3d 1035 (9th Cir. 2004) .........................................................................7
18
   *Sartin v. EKF Diagnostics, Inc.*,
19     2016 WL 3598297 (E.D. La. July 5, 2016) ....................................................14

20 *Save a Valuable Env't (SAVE) v. City of Bothell*,
      576 P.2d 401 (Wash. 1978)............................................................................21
21
   *Schlesinger v. Reservists Comm.*,
22     418 U.S. 208 (1974).........................................................................................8

23 *Schmier v. U.S. Court of Appeals for Ninth Circuit*,
      279 F.3d 817 (9th Cir. 2002) ...........................................................................7

24
DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
v
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

*Scott v. Pasadena Unified Sch. Dist.*,
    306 F.3d 646 (9th Cir. 2002) .......................................................................8

*Smith v. Ohio State University*,
    2016 WL 3182675 (S.D. Ohio June 8, 2016) ............................................ *passim*

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ........................................................................ *passim*

*Thomas v. FTS USA, LLC, et al.*,
    2016 WL 3653878 (E.D. Va. June 30, 2016) ........................................16, 17

*Trepanier v. Everett*,
    824 P.2d 524 (Wash. Ct. App. 1992) ...........................................................22

*U.S. v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) .........................................................................3

*United States v. Kim*,
    806 F.3d 1161 (9th Cir. 2015) .....................................................................21

*W. Mining Council v. Watt*,
    643 F.2d 618 (9th Cir. 1981) .........................................................................9

**Statutes**

15 U.S.C. § 1681b(b)(2) .................................................................... *passim*

15 U.S.C. § 1681b(b)(2)(A)(ii) ...............................................................19

28 U.S.C. 1332(d) *et seq.*....................................................................22, 23, 24

28 U.S.C. § 1447(c) ...................................................................................21

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)................................................................1, 7, 15

S. Rep. No. 109-14 (2005) ..........................................................................23

U.S. Const. art. III.............................................................................. *passim*

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
vi
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

1    Defendant Costco Wholesale Corporation ("Costco" or "Defendant"), by and through its

2    attorneys, Winterbauer & Diamond PLLC and Seyfarth Shaw LLP, and pursuant to Federal Rule

3    of Civil Procedure 12(b)(1), submits this Memorandum of Law in Support of its Motion to

4    Dismiss Plaintiff's Complaint in its entirety.  Plaintiff has failed to establish a concrete injury,

5    and therefore, under Article III of the U.S. Constitution, this Court lacks subject matter

6    jurisdiction.

7                                **PRELIMINARY STATEMENT**

8    This action should be dismissed for lack of Article III standing.  As the United States

9    Supreme Court recently solidified, a plaintiff cannot allege a "bare procedural violation, divorced

10   from any concrete harm, and satisfy the injury-in-fact requirement of Article III."  *Spokeo, Inc. v.*

11   *Robins*, 136 S. Ct. 1540, 1549 (2016).  Plaintiff's Complaint consists of nothing more than

12   allegations of a "bare procedural violation" of the FCRA with *no* allegations of "concrete harm."

13   Therefore, the Court should dismiss Plaintiff's Complaint.

14   Plaintiff is a former applicant for employment with Costco.  While applying online for

15   employment through an electronic application process, Plaintiff received, on a separate, stand-

16   alone screen of the employment application, a notice entitled "Fair Credit Reporting Act Pre-

17   Application FCRA Disclosure and Authorization."  *See* Compl. Ex. A (Dkt. #5-1).  This notice

18   explained that Costco may request a background report on Plaintiff for employment purposes,

19   and authorized Costco to obtain such a background report.

20   Plaintiff, however, now alleges that this stand-alone disclosure did not technically

21   comply with the Fair Credit Reporting Act ("FCRA") because it allegedly contained certain

22   "extraneous information" and because Plaintiff quibbles with the typeface of the document.  In

23   particular, Plaintiff takes issue with the disclosure including (1) a sentence in which the applicant

24

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
1
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

was informed that the authorization would allow certain third parties to provide information about job applicants to a consumer reporting agency (and consequently, to Costco), so that Costco could actually obtain the consumer report; (2) a sentence advising the applicant that, as part of the background check, Costco would make inquiries into certain types of public record information; and (3) language advising the applicant not to contact the consumer reporting agency or Kronos (the third party platform through which the applicant submitted his application) about the employment application (as they lack information), and not to contact Kronos for the results of the background check (as it does not have information related to the background check)  (*See* Dkt. # 5-1 ¶¶ 30-38.)  According to Plaintiff's Complaint, these parts of the notice purportedly result in the notice not complying with the "stand-alone" disclosure requirement of Section 1681b(b)(2) of the FCRA, 15 U.S.C. § 1681b(b)(2).   Plaintiff's Complaint seeks to transform these alleged technical violations into a nationwide class action.

Even accepting Plaintiff's allegations as true for the purposes of this motion, Plaintiff has not identified *any* actual, concrete harm resulting from such alleged hyper-technical violations of the FCRA.  Indeed, Plaintiff received the statutorily-required information regarding Costco's intent to obtain a background report about him, Plaintiff's background check contains no adverse information about him that may have impacted his ability to obtain employment, and Plaintiff does not allege that he failed to be hired by Costco as a result of the background check. Significantly, Plaintiff does not allege that he was unaware that a background report could be obtained about him -- the exact purpose of the notice requirement of Section 1681b(b)(2).

Not surprisingly then, Plaintiff does not allege *any* actual damages in the Complaint -- on behalf of himself or the putative class he seeks to represent. Instead, Plaintiff seeks only statutory and punitive damages and makes conclusory references to nebulous "privacy" and

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY- 2
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

1    "informational" injuries.  This is exactly the type of case that *Spokeo* -- another FCRA case --

2    cautioned against when it recognized that a "[FCRA plaintiff] cannot satisfy the demands of

3    Article III by alleging a bare procedural violation . . . [that] result[s] in no harm."  136 S. Ct. at

4    1550.  Put simply, Plaintiff lacks standing to maintain this lawsuit in the absence of allegations

5    of a cognizable concrete harm.  As a matter of law, Plaintiff does not – and cannot – sufficiently

6    allege concrete harm on these facts.  Accordingly, the Court lacks subject matter jurisdiction

7    over this action and therefore should dismiss the Complaint in its entirety.

8                       **RELEVANT FACTUAL ALLEGATIONS**[1]

9           Costco is a Washington corporation, which operates stores, known as "warehouses," to

10   provide merchandise to its membership.  (Dkt.# 5-1 ¶ 7.)  Plaintiff Julius Terrell ("Terrell" or

11   "Plaintiff") is a former applicant for employment with Costco and a resident of Missouri.  (*Id.* ¶¶

12   3, 20-21.)

13          In or around November 2014, Plaintiff completed an online application for employment

14   with Costco.  (*Id.* ¶¶ 20-21.)   Plaintiff received, on a separate screen of the employment

15   application process, a notice entitled "Fair Credit Reporting Act Pre-Application FCRA

16   Disclosure and Authorization," which notified Plaintiff that a background check could be

17   performed prior to any offer of employment with Costco or during his employment with Costco

18   ("Disclosure and Authorization form").  (*Id.* ¶ 22, Ex. A.)   A copy of the Disclosure and

19   Authorization form is attached to the Complaint as Exhibit A and is incorporated by reference.[2]

20   (*Id.* ¶¶ 22, 28-38, Ex. A.)  The Disclosure and Authorization form notified applicants that Costco

21   may  obtain  a  "consumer  report"  about  them  through  a  consumer  reporting  agency,  First

22

23   ───────────────
     [1] The statement of facts contained herein is based on Plaintiff's Complaint, the allegations of which are
     assumed to be true solely for purposes of this Motion.

24   DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
     SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
     3
     2:16-cv-01415-JLR

                                          **WINTERBAUER & DIAMOND** PLLC
                                          1200 Fifth Avenue, Suite 1700
                                          Seattle, Washington  98101
                                          Telephone:  (206) 676-8440
                                          Email:  mail@winterbauerdiamond.com

Advantage, and authorized necessary third parties to provide Costco with information about them. (*Id.*) The document states in pertinent part:

> Costco has contracted with First Advantage Corporation, a Consumer Reporting Agency to provide information relating to your character, general reputation, personal characteristics, and mode of living. Specifically, Costco will seek information relating to your social security number, criminal history, motor vehicle/driving records, and other public record information for employment purposes. You may contact First Advantage Corporation: By Phone: 1-800-845-6004 By Mail: PO Box 105292, Atlanta, GA 30348 or Find contact information on First Advantage Corporation using any computer connected with the World Wide Web at: www.fadv.com. Please do not contact First Advantage Corporation for the status of your employment application. First Advantage Corporation does not have access to this information and will not be able to respond to your request. Please do not contact Kronos for results of the background check. Kronos does not have access to the report and will not be able to respond to your request.

> \* Costco will verify all or part of the information I give Costco and gather additional information related to my background. I hereby authorize Costco to procure a consumer report (or investigative consumer report as defined under California law), and, to the extent permitted by law, make any inquiry into my motor vehicle or driving record(s), criminal and civil records, prior employment (including contacting prior employers), education, as well as other public record information. This authorization shall apply to pre-employment and post-employment inquiries, and shall be valid if I am hired, throughout my employment. I further authorize, without reservation, any law enforcement agency, administrator, state or federal agency, institution, school or university (public or private), information service bureau, employer, or insurance company to furnish any and all background information requested by First Advantage, another outside organization acting on behalf of Costco and/or Costco itself.

*Id.*

The Disclosure and Authorization form asks the applicant to certify "I understand that a background check (Consumer Report) will be obtained for employment purposes at Costco" and provides the option for the applicant to select either "yes" or "no." *Id.* The Disclosure and Authorization form provides a hyperlink for the applicant to review a document entitled "A Summary of Your Rights Under the Fair Credit Reporting Act" and the applicant is asked to

---

[2] *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (documents incorporated by reference in the

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
4
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

acknowledge receipt.  *Id.*  The applicant is asked whether they would like a copy of their consumer report.  *Id.*  And finally, the applicant is provided the option to either agree or not agree to provide their authorization for Costco to procure a consumer report.  *Id.*

## **RELEVANT PROCEDURAL BACKGROUND**

On August 10, 2016, Plaintiff filed this lawsuit in the Superior Court for the State of Washington in and for King County, alleging that Costco violated Section 1681b(b)(2) of the FCRA.  (*See* Dkt # 1, Exh. A)  That Section of the FCRA provides:

> [A] person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless:
>
> (i) A clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2).  Plaintiff alleges in the Complaint that Costco's Disclosure and Authorization form did not comply with Section 1681b(b)(2) because – although it informed applicants that a background report may be obtained for employment purposes and what inquiry would be conducted – it did not provide that information in a "stand-alone" disclosure as it purportedly contains "extraneous information."  (*Id.* ¶¶ 28-38.)  According to Plaintiff, the form contained the following "extraneous" information which Plaintiff believes amounts to a technical violation of the FCRA's stand-alone disclosure requirement:

> (1) the stand-alone disclosure contained a sentence in which third parties were authorized to provide information about job applicants to a consumer reporting agency (and

complaint are appropriate for review when considering a motion to dismiss).

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
5
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

consequently, to Costco), so that Costco could actually obtain necessary information for the consumer report;

(2) the stand-alone disclosure states that Costco will make inquiries into "motor vehicle or driving record(s), criminal and civil records, prior employment (including contacting prior employers), education, as well as other public record information";

(3) the stand-alone disclosure advises the applicant not to contact First Advantage and Kronos (the third party through which the applicant submitted his application) about his employment application (as they lack information), and not to contact Kronos for the results of his background check (as Kronos, does not have information related to the background check); and

(4) the stand-alone disclosure is printed in "small, eye-straining type, and simply contains far more verbiage than is required to inform applicants that a consumer report will be obtained."

(*Id.* ¶¶ 30-38.)[3]  Notably, the Complaint does not allege that Plaintiff suffered any economic damages as a result of this purported violation. Nor does the Complaint allege that Plaintiff personally suffered any other type of damages or harm.  Instead, Plaintiff seeks only statutory and punitive damages under the FCRA.  (*Id.* ¶ 59.)  Consistent with the absence of any alleged actual damages, the consumer report prepared about Plaintiff contains no adverse information whatsoever that could have reflected negatively upon him as an applicant.  (*Id.* Ex. B.)  And, Plaintiff does not claim that he did not ultimately receive a job with Costco as a result of the background check.

In May 2016, the Supreme Court issued its decision in *Spokeo*, in which it clarified that a plaintiff bringing suit under the FCRA "could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." 136 S.Ct. at 1549.  Despite the Supreme Court's opinion in *Spokeo*, Plaintiff's Complaint is

---

[3] Despite the Complaint's artful use of the word "release," to suggest that the form's authorization to third parties to furnish information about the consumer for the purposes of preparing a consumer report operates as a waiver of liability (*see, e.g., Id.* ¶ 33), the Disclosure and Authorization form does not contain the word "release" or any other language that could be construed to be a waiver of liability.

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY- 6
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

1   devoid of any alleged harm that would satisfy the concrete harm requirement of Article III.

2   Rather, Plaintiff attempts to circumvent *Spokeo* and the litany of cases interpreting it by adding

3   conclusory allegations of "concrete harm" in the form of decidedly *non-concrete* injuries.   In

4   particular, Plaintiff alleges that -- despite not suffering any actual damages -- Plaintiff and

5   putative class members suffered a "deprivation of information and invasion of privacy," as he

6   alleges that "applicants are hindered in their ability to preserve their privacy, and to correct errors

7   or other problems with the reports." (Compl. ¶¶ 18, 48.)

8   **LEGAL STANDARD**

9       In deciding a motion to dismiss, "the court assumes the allegations to be true and draws

10  all reasonable inferences in the complaining party's favor."  *DZ Bank AG Deutsche Zentral-*

11  *Genossenschaftsbank v. Connect Ins. Agency, Inc.*, 2015 WL 3797162, at *4 (W.D. Wash. June

12  17, 2015).  While the court must read "the complaint in a light most favorable to the non-moving

13  party, conclusory allegations of law and unwarranted inferences cannot defeat an otherwise

14  proper motion to dismiss."  *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817,

15  820 (9th Cir. 2002) (internal citations and quotation marks omitted).  It is well-settled that

16  allegations in a complaint that offer "no more than conclusions, are not entitled to the assumption

17  of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

18      A party may challenge the existence of a federal court's subject matter jurisdiction for

19  lack of standing under Article III pursuant to a motion under Federal Rule of Civil Procedure

20  12(b)(1).  *See Norkunas v. Wynn Las Vegas, LLC*, 343 F. App'x 269, 270 (9th Cir. 2009).  "A

21  Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373

22  F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F. 3d 1214, 1242 (9th Cir. 2000)).  "In

23

24  DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
    SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
    7
    2:16-cv-01415-JLR

1    a facial attack, the challenge asserts that the allegations contained in a complaint are insufficient

2    on their face to invoke federal jurisdiction." *Id.*

3          Jurisdiction in federal courts is limited by Article III of the Constitution, which restricts

4    federal courts to deciding actual cases and controversies. *Raines v. Byrd*, 521 U.S. 811, 818

5    (1997) ("No principle is more fundamental to the judiciary's proper role in our system of

6    government than the constitutional limitation of federal-court jurisdiction to actual cases or

7    controversies.") (internal quotation and citation omitted).   "One element of the case-or-

8    controversy requirement is that [Plaintiff], based on [the Complaint], must establish that [he has]

9    standing to sue." *Id.*  "Standing to sue … limits the category of litigants empowered to maintain

10   a lawsuit in federal court … ." *Spokeo*, 136 S. Ct. at 1547.

11         To establish standing, a plaintiff bears the burden of establishing that he has "(1) suffered

12   an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not

13   conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the

14   defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed

15   by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-

16   81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)); *see also*

17   *Degenhart v. AIU Holdings, Inc.*, 2010 WL 4852200, at *1 (W.D. Wash. Nov. 26, 2010).  While

18   collectively these three elements are "the irreducible constitutional minimum" of standing,

19   injury-in-fact is the "indispensable element of a dispute" that "adds an essential dimension of

20   specificity to the dispute by requiring that the complaining party have suffered a particular injury

21   caused by the action." *Lujan*, 504 U.S. at 560; *Schlesinger v. Reservists Comm.*, 418 U.S. 208,

22   220-21 (1974).  A mere "abstract injury is not enough" for an injury-in-fact. *O'Shea v. Littleton*,

23   414 U.S. 488, 494 (1974).  A suit brought by a plaintiff without Article III standing is not a "case

24

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

or controversy," and an Article III federal court therefore lacks subject matter jurisdiction over the suit and it must be dismissed. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 654 (9th Cir. 2002).

Critical here, "[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Raines*, 521 U.S. at 820 n.3.   Although Congress has a role in identifying certain legally cognizable harms, that "does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 136 S. Ct. at 1549.   Indeed, Plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.*   "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.*

## ARGUMENT

### I.   This Court Lacks Subject Matter Jurisdiction Under Article III To Adjudicate Plaintiff's Claim, And His Complaint Must Therefore Be Dismissed.

Plaintiff has not and cannot allege concrete harm sufficient to establish an injury-in-fact that is redressable by this Court under Article III.   Accordingly, Plaintiff lacks standing to pursue his claim, requiring this Court to dismiss the Complaint for lack of subject matter jurisdiction.

### A.   Plaintiff Does Not Allege Any Injury-In-Fact.

Plaintiff bears the burden to demonstrate standing. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011); *see also Lujan*, 504 U.S. at 560-61; *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)**.**   To do so, Plaintiff cannot simply rely on unfounded speculation or conclusory assertions at the pleading stage. *Ashcroft*, 556 U.S. at 678-79; *W.*

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY- 9
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

1    *Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) ("[w]e do not . . . necessarily assume

2    the truth of legal conclusions merely because they are cast in the form of factual allegations.")

3         Here, Plaintiff's Complaint is devoid of *any* cognizable, specific harm – tangible or

4    intangible – suffered by Plaintiff or any putative class member.  Plaintiff alleges that he received

5    the Disclosure and Authorization form.  (Dkt. # 5-1 ¶ 10.)  No adverse information was reported

6    about Plaintiff whatsoever.  (Dkt.# 5-1. Ex. B.)  Plaintiff does not allege that he failed to obtain

7    employment with Costco as a result of the consumer report.  There is no allegation that Plaintiff

8    did not understand that a background check could and would be conducted.  And in the 59

9    paragraphs of the Complaint, there is no allegation that the Disclosure and Authorization form

10   was confusing or caused confusion to *anyone*, let alone to the named Plaintiff.  Finally, Plaintiff

11   does not allege any actual harm or seek any actual damages based on his receipt of an allegedly

12   non-compliant disclosure document.  Having failed to allege any specific, individualized harm,

13   Plaintiff fails to establish the Article III standing necessary to maintain this action.

**B.    Allegations of a Bare Statutory Violation Do Not Satisfy Article III's Injury-In-Fact Requirement.**

15        Without any actual harm, Plaintiff first is left to assert an argument that has been flatly

16   rejected by the Courts: that an alleged technical violation of the FCRA alone constitutes an

17   "injury" sufficient to maintain standing.  In *Spokeo,* the Supreme Court addressed Article III

18   standing for FCRA claims seeking statutory and punitive damages for alleged statutory

19   violations, and the Supreme Court's decision clarifies the proper analytical framework for

20   assessing injury-in-fact and, in particular, the constitutional requirement for "concrete harm."

21   136 S. Ct. at 1547-50.  The *Spokeo* decision provides a clear roadmap for the instant case and

22   requires the dismissal of the Complaint.

23        In *Spokeo*, Robins filed a putative class action, alleging that *Spokeo* violated the FCRA

24

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

by posting inaccurate information about him on its website. *Id.* at 1546. Robins sought statutory and punitive damages for an alleged willful FCRA violation. *Id.* To establish injury-in-fact, however, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is *both* "concrete and particularized." *Id.* at 1548 (citing *Lujan*, 504 U.S. at 560) (emphasis added). According to the Supreme Court, "[a] 'concrete' injury must be '*de facto*'; that is, it must *actually exist*." 136 S. Ct. at 1548 (emphasis added). In other words, the injury must be "real," and not "abstract." *Id.*

In light of *Spokeo*, to sufficiently allege a "concrete," *i.e.* "actually exist[ing]" and "real," injury, it is *not* enough to merely allege a violation of a statute (and in *Spokeo* the statute, like here, was the FCRA). As the Supreme Court cautioned: "Congress' role . . . does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549. Thus, a plaintiff bringing suit under the FCRA "could not, for example, allege a *bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III*." *Id.* (emphasis added). Viewing the FCRA under this analytical framework, the Supreme Court recognized that, while Congress "plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk . . .[,] Robins cannot satisfy the demands of Article III by alleging a bare procedural violation." *Id.* at 1550. Indeed, "[a] violation of one of the FCRA's procedural requirements [, such as the form of a required notice,] may result in no harm." *Id.* at 1550; *see also Smith v. Ohio State University*, 2016 WL 3182675, at *1, 4 (S.D. Ohio June 8, 2016) (relying on *Spokeo* in dismissing Section 1681b(b)(2) claim where plaintiff could not point to any "concrete consequential damage"); *Larroque v. First Advantage LNS Screening Solutions, Inc.*, No. 15-cv-4684, Slip op. at 8 (N.D.

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
11
2:16-cv-01415-JLR

1   Cal. Sept. 2, 2016), ECF No. 38 (relying on *Spokeo* in dismissing Section 1681b(b)(1) claim

2   where plaintiff alleged only technical violation of the statute).

3        Even before *Spokeo*, the requirement for concrete or actual harm was well established in

4   this Circuit.  In *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004), for example, the

5   Court stated: "If a plaintiff lacks Article III standing, Congress may not confer standing on that

6   plaintiff by statute."   Additionally, in *Mendoza v. Microsoft Inc.*, 2014 WL 4540213, at *3-4

7   (W.D. Wash. Sept. 11, 2014), the Court dismissed a claim brought by former Microsoft X-Box

8   Live subscribers claiming violations of the federal Video Privacy Protection Act and other state

9   law consumer protection statutes, finding plaintiff failed to establish an injury-in-fact by merely

10   "offer[ing] broad conclusory statements and formulaic recitations [of the statutes at issue]."

11        Following *Spokeo*, district courts -- in cases closely analogous to this one -- have

12   repeatedly held that a purported violation of Section 1681b(b)(2) alone is insufficient to confer

13   standing.  For example, in *Smith*, plaintiffs brought suit under Section 1681b(b)(2), alleging that

14   during the hiring process, the defendant "provided a disclosure and authorization to Plaintiffs

15   which improperly included extraneous information such as a liability release, in violation of the

16   FCRA."  2016 WL 3182675, at *1.  The plaintiffs were ultimately hired by the defendant.  In

17   evaluating whether the plaintiffs nevertheless had standing to pursue claims under the FCRA, the

18   district court – invoking *Spokeo*'s admonition that "[a] violation of one of the FCRA's

19   procedural requirements may result in no harm" – found that plaintiffs failed to establish an

20   injury-in-fact where they were hired and could not point to any "concrete consequential

21   damage."  *Id.* at *4.  And as discussed further *infra*, the court also rejected plaintiffs' argument

22   that "their 'privacy was invaded and they were misled as to their rights under the FCRA.'"  *Id.*

23   For the same reasons as in *Smith*, Plaintiff here cannot show any "concrete consequential

24

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
12
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

damage" as a result of an alleged Section 1681b(b)(2) violation, and therefore lacks standing under Article III.[4]

Similarly, In *Larroque*, the plaintiff alleged that the defendant CRA violated Section 1681b(b)(1) by not obtaining a compliant certification from the plaintiff's prospective employer. *Id.* at 2. In a detailed analysis of *Spokeo*, the *Larroque* court "conclude[d] that Plaintiff has alleged nothing more than a bare procedural violation of the FCRA." *Id.* at 8. As the *Larroque* court recognized in dismissing the case, "[t]his is exactly the situation that the Supreme Court indicated cannot confer Article III standing." *Id.*

*Smith* and *Larroque* are just two of several recent cases to follow *Spokeo's* clear directive and require sufficient allegations of "concrete harm" for a plaintiff to maintain an action under the FCRA. In *Groshek v. Time Warner Cable, Inc.*, 2016 WL 4203506, at *2-3 (E.D. Wis. Aug. 9, 2016), yet another Section 1681b(b)(2) case, the court granted the defendant's motion to dismiss a putative class action under virtually identical allegations as here. In *Groshek*, the plaintiff's complaint "makes no mention of any concrete harm the plaintiff (or any putative class members) suffered as a result of the alleged violation." As alleged, the facts in *Groshek* established that the plaintiffs were not harmed by the alleged technical violation of the FCRA:

> [P]laintiff has not alleged that he did not get the job he applied for as a result of the consumer report the defendant obtained. He has not alleged that the defendant released the information in the report to other people, causing him embarrassment or damaging his credit. He has not alleged that that the defendant used the consumer report against him in any way. . . . *In short, he has not alleged a concrete harm.*

*Id.* at *3. *See also Evers v. The TJX Companies, Inc.*, No. 15-cv-13071 (D. Mass. Aug. 26,

---

[4] As this Court already has noted, the harm alleged in *Spokeo* "was arguably merely procedural and thus non-concrete." *Booth v. Appstack, Inc.*, 2016 WL 3030256, at *5 (W.D. Wash. May 24, 2016). As in *Spokeo*, a Section 1681b(b)(2) violation is, by its nature, "merely procedural and thus non-concrete" under *Spokeo*. Unlike the plaintiffs in *Booth* -- who alleged they were forced to waste time answering and

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 676-8440
Email: mail@winterbauerdiamond.com

2016), ECF No. 49 (holding a disclosure form was not a violation of the FCRA and finding it "doubtful" that plaintiffs could satisfy *Spokeo* for a Section 1681b(b)(2) claim, "especially where there is no allegation that [defendant] obtained consumer reports regarding the plaintiffs of a kind outside the boundaries of the FCRA or took any adverse action against them"); *Braitberg v. Charter Commc'ms, Inc.,* 2016 WL 4698283, at *4 (8th Cir. Sept. 8, 2016) (affirming dismissal for lack of Article III standing under *Spokeo* finding plaintiff "has not alleged an injury in fact as required by Article III" where "[h]is complaint asserts 'a bare procedural violation, divorced from any concrete harm.'"); *McCollough v. Smarte Carte, Inc.*, 2016 WL 4077108, at *4 (N.D. Ill. Aug. 1, 2016) (dismissing plaintiff's complaint where "plaintiff has alleged the sort of bare procedural violation that cannot satisfy Article III standing"); *Attias v. CareFirst, Inc.*, 2016 WL 4250232, at *5 (D.D.C. Aug. 10, 2016) ("Even if Plaintiffs' rights under applicable consumer protection acts have been violated, because they do not plausibly allege concrete harm, they have not demonstrated that they have standing to press their claims.").

As in *Smith*, *Larroque, Groshek*, *Evers*, *McCullough*, and *Attias*, Plaintiff cannot show any "concrete harm" as a result of Costco's alleged violation of Section 1681b(b)(2).  At most, as alleged, this is the type of "bare procedural violation, divorced from any concrete harm" that *Spokeo* instructed could not "satisfy the injury-in-fact requirement of Article III."  136 S. Ct. at

---

addressing robocalls -- Plaintiff here cannot allege any *concrete* harm suffered from the "merely procedural" alleged violation at issue.

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY- 14
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

1549.[5]   Accordingly, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's

Complaint and this case must be dismissed under Rule 12(b)(1).

### C.   An Intangible "Informational" Injury Is Not A Concrete Harm Sufficient to Satisfy *Spokeo*.

In an effort to manufacture harm where no harm exists, the Complaint asserts that

Plaintiff has suffered a concrete (albeit intangible) injury "in the form of deprivation of

information." (Compl. ¶ 48.)  The Complaint does not elaborate as to the nature of this alleged

"deprivation of information," except where he suggests that "applicants are hindered in their

ability … to correct errors or other problems with the reports."  (*Id.* ¶ 18.)  Plaintiff does not

explain how such a "deprivation of information" could occur where the Disclosure and

Authorization form clearly identifies the consumer reporting agency Costco would use to obtain

a background report, and provides its address, toll free telephone number, and website address in

the event of an error or other problem with the report in need of correction.   Importantly,

however, *Plaintiff* does not allege that *he* had an error or other problem with *his report.*  Thus,

even under his own inventive theory of "concrete harm," Plaintiff himself was not harmed.  In

fact, in no place in his Complaint does Plaintiff claim he was personally harmed by this alleged

"deprivation of information."   To the contrary, Plaintiff's report is devoid of any negative

---

[5]   Courts in several non-FCRA cases similarly concluded that a mere statutory violation without a cognizable concrete harm is insufficient to establish the injury-in-fact requirement of Article III.  *See, e.g.*, *Hancock v. Urban Outfitters, Inc.*, 2016 WL 3996710, at *3 (D.C. Cir. July 26, 2016) (mere disclosure of a zip code during a purchase, without more, does not constitute a concrete harm); *Duqum v. Scottrade, Inc.*, 2016 WL 3683001, at *8 (E.D. Mo. July 12, 2016) (no concrete invasion of privacy where the plaintiffs failed to "allege … that they suffered any damages or injury due to a loss of privacy"); *Jamison v. Bank of Am., N.A.*, 2016 WL 3653456, at *4 (E.D. Cal. July 7, 2016) (no concrete harm where plaintiff's allegations do "not provide factual allegations establishing any harm . . . as a result of defendant's actions."); *Sartin v. EKF Diagnostics, Inc.*,  2016 WL 3598297, at *3 (E.D. La. July 5, 2016) (no concrete harm because "vague reference to Congress and the FCC provides no factual material . . . [to] infer what specific injury, if any, [was] sustained through [the]  . . . alleged statutory violations."); *Gubala v. Time Warner Cable, Inc.*, 2016 WL 3390415, at *4 (E.D. Wis. June 17, 2016) (plaintiff failed to allege "a concrete injury" because he relied a mere statutory violation).

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
15
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

1    information about him whatsoever.  (Dkt. #5-1, Ex. B.)  This type of amorphous and potential

2    but neither "real" nor "actually exist[ing]" "injury" does not qualify as a "concrete harm" under

3    *Spokeo* and does not satisfy Article III.

4          Even where courts have found a concrete informational harm related to FCRA claims, the

5    plaintiffs experienced *actual* and resulting harm.   Those cases are therefore readily

6    distinguishable.  *See Panzer v. Swiftships, LLC*, 2015 U.S. Dist. LEXIS 144200, at *11-12 (E.D.

7    La. Oct. 23, 2015) (defendants *denied* plaintiff employment after failing to provide the plaintiff

8    with *any* disclosure); *Ryals v. Strategic Screening Sols., Inc.*, 117 F. Supp. 3d 746, 753-54 (E.D.

9    Va. 2015) (plaintiff was *denied* employment and the defendant did not provide the plaintiff with

10   a complete record of all information as requested, or any notice regarding adverse public

11   information); *Manuel v. Wells Fargo Bank, Nat. Ass'n*, 123 F. Supp. 3d 810, 817-18 (E.D. Va.

12   2015) (plaintiff was *denied* employment and received an inadequate disclosure).  As noted

13   above, Plaintiff does not allege that he was denied employment with Costco as a result of the

14   background check obtained on him from the purportedly violative disclosure, and consequently,

15   his alleged "informational injury" is insufficient to establish standing.

16         Costco anticipates, however, that Plaintiff will encourage this Court to adopt the holding

17   of *Thomas v. FTS USA, LLC, et al.*, 2016 WL 3653878, at *1 (E.D. Va. June 30, 2016) – an

18   outlier case in this regard – where the court found that an "informational injury" alone was

19   sufficient to establish standing under the FCRA.  This Court should decline to follow the holding

20   in *Thomas* because it is inconsistent with *Spokeo* and other precedent.  The district court in

21   *Thomas* relied on *Spokeo*'s reaffirmation of *Federal Election Comm'n v. Akin*s, 524 U.S. 11

22   (1998) and *Public Citizen v. Department of Justice*, 491 U.S. 440 (1989), but entirely ignored

23   that the "informational injury" in those cases involved the complete deprivation of statutorily-

24

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
16
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

1    mandated information, implicating the exercise of a fundamental civic right.  *Thomas*, 2016 WL

2    3653878, at *9.  *Spokeo* cites to *Akins* and *Public Citizen* as *examples* of an informational injury-

3    in-fact, but then promptly states that "[a] violation of one of the FCRA's procedural

4    requirements may result in no harm."  *Spokeo*, 136 S.Ct. at 1550.  *Thomas* also invokes the

5    holding of *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), but again ignores the key

6    distinguishing factor in that case: the plaintiffs there were intentionally deprived of truthful

7    information regarding available housing (*i.e.*, they were provided with *false* information).

8    *Thomas*, 2016 WL 3653878 at *9.  Plaintiff here does not complain of false information – to the

9    contrary, the Disclosure and Authorization form is entirely accurate and provides context for the

10   applicant's consent to the employer obtaining a consumer report and allowing entities to provide

11   the information that will be in that consumer report.  *See Burghy v. Dayton Racquet Club, Inc.,*

12   695 F. Supp. 2d 689, 699 (S.D. Ohio 2009) (addressing an FCRA disclosure form and explaining

13   that "one cannot meaningfully authorize her employer to take an action if she does not grasp

14   what that action entails").

15         Concrete injury does not exist simply because information allegedly is presented in a

16   manner that is inconsistent with a technical legal requirement.  For example, in *Jamison v. Bank*

17   *of America, N.A.*, 2016 WL 3653456 (E.D. Ca. July 7, 2016), plaintiff alleged that certain

18   mortgage disclosure statements provided by the defendant violated the Truth In Lending Act

19   because they did not disclose insurance proceeds.  *Id.* at *2.  Citing to *Spokeo*, the district court

20   dismissed plaintiff's claim for lack of standing, finding that the complaint merely asserted a

21   technical, procedural violation, and failed to articulate any resulting harm.   *Id.* at *4-5.

22   Plaintiff's "deprivation of information" theory of standing failed pre-*Spokeo* and clearly fails

23   following *Spokeo*.

24   DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
     SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
     17
     2:16-cv-01415-JLR

1

**D.    Plaintiff's Vague Allegations Regarding "Privacy" Rights Are Conclusory And Insufficient To Establish An Injury-In-Fact, And In Any Case Have Nothing to Do With The Stand-Alone Disclosure Requirement.**

2

3    Plaintiff's Complaint also includes an obscure allegation that the alleged statutory

4    violation was an "invasion of privacy." (Dkt. #5-1 ¶ 48).  According to Plaintiff, Costco's

5    language authorizing third parties to provide information about Plaintiff is an "impermissible

6    attempt by Defendant and its consumer reporting agency to secure permission from the applicant

7    to access a variety of records that would otherwise be protected from disclosure." (Dkt. #5-1 ¶

8    32.)  Plaintiff additionally complains that other "applicants are hindered in their ability to

9    preserve their privacy." (Dkt. #5-1 ¶ 18.)

10    There is no specificity to Plaintiff's "privacy" allegations.  Indeed, there is no explanation

11    as to *how* Plaintiff's – or anyone else's – privacy was (or could have been) invaded as a result of

12    an alleged violation of the stand-alone disclosure requirement.  While Plaintiff complains that

13    "school records, financial records, and public records . . . are legally protected from disclosure"

14    under various irrelevant statutes, Plaintiff omits that his consumer report contained no such

15    information, and therefore no privacy right was even arguably infringed.  (*See* Dkt. #5-1, Ex. B)

16    (containing no information regarding Plaintiff's school records, financial records, or medical

17    records).

18    Even had Plaintiff's consumer report contained any such privacy information – which it

19    did not – Plaintiff also omits that the Disclosure and Authorization form clearly allowed *Plaintiff*

20    – and any other applicant who agrees to the background check – the opportunity to consent to

21    provide this information to Costco and the CRA.  (*See* Dkt. #5-1, Ex. A.)  (allowing the applicant

22    to select either "I agree to the above" or "I do not agree to the above" and apply an electronic

23    signature).  There can be no "invasion of privacy" if the release of the information is elected and

24

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-18
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

1   authorized by the applicant directly and knowingly. *See Claffey v. Napa Valley Cmty. Hous.*, 294

2   F. App'x 306 (9th Cir. 2008) (affirming dismissal of invasion of privacy claim where the plaintiff

3   consented to the release of his income information); *Jeffers v. City of Seattle*, 597 P.2d 899, 905

4   (Wash Ct. App. 1979) (finding that plaintiff waived his right of privacy by requesting a disability

5   pension that required a reasonable investigation into private medical information).

6   Consequently, such statements in Plaintiff's Complaint are "mere conclusory allegations" and

7   not entitled to any inference of truth. *Iqbal,* 556 U.S. at 678-679.

8        Moreover, this exact theory of harm was recently rejected by the Eighth Circuit and other

9   courts. In *Braitberg*, for example, the Court considered whether a procedural violation could

10  constitute an injury in fact based on a theory that it violated plaintiff's privacy rights, despite that

11  plaintiff identified "no material risk of harm." *Braitberg*, 2016 WL 4698283 at *4. The Court

12  concluded that "speculative or hypothetical risk is insufficient," and concluded "[a]lthough there

13  is a common law tradition of lawsuits for invasion of privacy, the retention of information

14  lawfully obtained, without further disclosure, traditionally has not provided the basis for a

15  lawsuit in American courts." *Id. See also Larroque*, at 7 (rejecting plaintiff's "invasion of

16  privacy" argument and emphasizing that "Plaintiff's Complaint contains no allegations of *any*

17  type of actual harm.") (emphasis in original)

18       Importantly, Costco's third party authorization language is fully compliant with the

19  stand-alone disclosure requirement of the FCRA, which specifically permits an employer to

20  include the authorization in the "stand-alone" document. 15 U.S.C. § 1681b(b)(2)(A)(ii); *see*

21  *also Burghy*, 695 F. Supp. 2d at 699  (approving explanatory language in a stand-alone

22  disclosure); *Just v. Target Corp.*, 2016 WL 2757370, at *5 (D. Minn. May 12, 2016) (finding

23  inclusion of even certain allegedly "extraneous" language in a stand-alone disclosure to be

24
     DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
     SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
     19
     2:16-cv-01415-JLR

1  reasonable under the law).  A consumer report contains background information that can only be

2  obtained from third parties.  If an employer – or a consumer reporting agency acting on behalf of

3  an employer – is authorized to obtain a consumer report, then an obvious consequence is that

4  third parties are authorized to provide the information which comprises the report.  Without this

5  third party authorization, the employer authorization is worthless and any consumer report would

6  provide no substantive information about the consumer whatsoever.  It follows, then, that a core

7  purpose of any consumer report authorization is to allow third parties to provide information

8  about the applicant, so explicitly permitting third parties to do so is hardly an invasion of an

9  applicants' privacy rights.  *See Smith*, 2016 WL 3182675 at *4 (rejecting plaintiffs' argument

10 that a FCRA disclosure with purported "extraneous" information was an invasion of privacy or

11 conferred standing on plaintiffs); *Groshek*, 2016 WL 4203506, at *2-3 (rejecting plaintiff's

12 argument that alleged Section 1681b(b)(2) violation resulted in a personal "privacy" harm).

13         Indeed, the same language in the Disclosure and Authorization form was challenged by

14 plaintiffs, through the same counsel, in *Evers*, where the court dismissed the Complaint in its

15 entirety.  As the court concluded:

16         The sentence complained of does not violate the FCRA, literally or figuratively.  It is not
          'extraneous,' nor does it expand the authorization granted in the prior sentence that TJX
17        may obtain 'consumer reports' as part of a background check.  Rather the subsequent
          sentence explains in plain English the concrete consequences of the requested
18        authorization.  It is not a violation of the law for an employer to give a fuller explanation
          of what it is asking for, so long as the request is one permitted by law, as this one is under
19        section 1681b(b)(2).

20 *Evers,* No. 15-cv-13071, ECF No. 49.  In *Evers*, the court went on to conclude that it was

21 "doubtful that an abstract claim to a right of privacy would satisfy [*Spokeo's*] holding in an

22 employment application context."  *Id.*

23

24 DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
   SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
   20
   2:16-cv-01415-JLR

But even assuming *arguendo* that the third party authorization should not have been included in the "stand-alone" notice (which is not the case), nothing in the statute would prohibit the third party authorization from being provided to applicants on a separate piece of paper. In this scenario, precisely the same purported waiver of "numerous other privacy-related rights" would result, but there would be no violation of the stand-alone disclosure requirement. In other words – even accepting Plaintiff's nonsensical "privacy" harm – that purported harm *does not flow* from any violation of the stand-alone disclosure requirement, which is the only statutory cause of action that Plaintiff has alleged in this suit.

In sum, Plaintiff's "invasion of privacy" argument fails to allege any concrete, individualized harm consistent with the standard articulated in *Spokeo*. As such, Plaintiff has no standing to bring this action.

## II. Remand of Plaintiff's Purported Class Action Would be Futile and Contrary to the Class Action Fairness Act.

### A. Plaintiff's Blatant Lack of Standing Renders Remand Futile.

Costco anticipates that Plaintiff will ask the Court to remand the case to Superior Court in lieu of complete dismissal. Plaintiff also lacks standing in state court. Consequently, remand would be futile and a waste of judicial resources. *See Bell v. City of Kellogg*, 922 F.2d 1418, 1424-25 (9th Cir. 1991).[6]

---

[6] Plaintiff will likely argue that *Bell* was overruled by *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991), which suggests in *dicta* only (and not in its holding) that 28 U.S.C. § 1447(c) may require remand even when futile. *Bell*, however, remains good law. A three-judge panel in *Bell* held that district courts may dismiss claims when remand is futile. 922 F.2d at 1424-25 ("Where the remand to state court would be futile . . . the desire to have state courts resolve state law issues is lacking."). It is black letter law that three-judge panel decisions are binding absent subsequent higher authority (e.g., an *en banc* panel or the U.S. Supreme Court) that is "clearly irreconcilable" with the prior panel's decision. *See United States v. Kim*, 806 F.3d 1161, 1174 n.9 (9th Cir. 2015). This rule applies here, and the *dicta* in *Int'l Primate* does not defeat the precedent set by *Bell*.

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

1   Were the Court to remand this matter, Plaintiff still would be required to demonstrate that

2   the challenged action caused an "injury-in-fact."  *See Save a Valuable Env't (SAVE) v. City of*

3   *Bothell*, 576 P.2d 401, 404 (Wash. 1978); *see also Nelson v. Appleway Chevrolet, Inc.*, 160

4   Wash. 2d 173, 186 (Wash. 2007).  Washington courts generally require plaintiffs to establish an

5   "injury-in-fact" by pointing to an economic harm.  *See, e.g., Grant Cty. Fire Prot. Dist. No. 5 v.*

6   *City of Moses Lake*, 150 Wash.2d 791, 802 (2004) (requiring demonstration of a taxed financial

7   amount to establish standing).  Other courts analyzing whether non-economic harm may form the

8   basis for standing have opined that the analysis should be drawn from federal case law and

9   incorporate federal jurisprudence in their assessment of an "injury-in-fact," thus circling directly

10  back to the standing requirements solidified by *Spokeo* and indisputably not satisfied by Plaintiff.

11  *See Allan v. Univ. of Washington,* 959 P.2d 1184, 1187 (Wash. Ct. App. 1998), *aff'd*, 997 P.2d

12  360 (Wash. 2000) (finding that first and third prongs of the Washington APA standing test are

13  drawn from federal jurisprudence assessing injury in fact).  Indeed, in *Trepanier v. Everett*, 824

14  P.2d 524, 526 (Wash. Ct. App. 1992), the Washington Court of Appeals required plaintiff to

15  allege that he or she will be "specifically and perceptibly harmed," in order to satisfy the injury-

16  in-fact requirement, an analysis virtually identical to the "particularized and concreteness"

17  requirement under Article III.  As detailed above, Plaintiff has not alleged *any* injury -- let alone

18  one of sufficient magnitude to establish standing under either Article III or Washington law.

19  Accordingly, as was the result in other instances under similar circumstances, this Court

20  should dismiss the Complaint with prejudice.  *See generally Cleveland Police Patrolmen's Ass'n*

21  *v. City of Cleveland*, 2016 WL 70570 (N.D. Ohio Jan. 6, 2016) (after removal from state court,

22  the court dismissed the plaintiff's FLSA claims with prejudice due to lack of standing);

23  *Middlesex Surgery Ctr. v. Horizon*, 2013 WL 775536 (D. N.J. Feb. 28, 2013) (after removal

24

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
22
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

from state court, the court dismissed plaintiff's ERISA claims with prejudice due to lack of standing); *Impress Commc'ns v. Unumprovident Corp.*, 335 F. Supp. 2d 1053, 1065 (C.D. Cal. 2003) (following removal, court dismissed plaintiff's ERISA and RICO claims with prejudice for lack of standing).

## B.   The Class Action Fairness Act Compels the Dismissal of Plaintiff's Complaint.

Moreover, given that Plaintiff asserts a nationwide putative class action, the appropriate relief is *not* to remand this case to state court, but rather to dismiss the Complaint outright.  The Class Action Fairness Act of 2005, 28 U.S.C. 1332(d) *et seq*., ("CAFA") was enacted to avoid the jurisdictional gamesmanship employed here.  CAFA authorizes class actions to be brought in (or removed to) federal court where the amount in controversy is more than $5 million and there is minimal diversity between the parties.  CAFA's legislative history makes clear that "interstate class actions are among the cases that most warrant access to the federal courts because they involve the most people, put the most money in controversy, and have the greatest implications for interstate commerce."   *See, e.g.,* S. Rep. No. 109-14*,* at 12, (2005).   Moreover, the unambiguous legislative record shows that Congress enacted CAFA to combat forum shopping games played by plaintiffs to trap federal cases in inappropriate, but more plaintiff-friendly state courts.  As the Report explains:

> By now, there should be little debate about our numerous problems with our current class action system.   A mounting stack of evidence reviewed by the Committee demonstrates that abuses are undermining the rights of both plaintiffs and defendants.   One key reason for these problems is that most class actions are currently adjudicated in state courts, where the governing rules are applied inconsistently (frequently in a manner that contravenes basic fairness and due process considerations) and where there is often inadequate supervision over litigation procedures and proposed settlements.   The problem of inconsistent and inadequate judicial involvement is exacerbated in class actions because the lawyers who bring the lawsuits effectively control the litigation . . . to make matters worse, current law enables lawyers to "game" the procedural rules and

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
23
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

keep nationwide or multi-state class actions in state courts whose judges have reputations for readily certifying classes and approving settlements without regard to class member interests.

*Id.* at 4.   Further, Congress also explained that CAFA promoted "traditional notions of federalism" because forcing a nationwide class action into a state court "invite[s] one state court to dictate to 49 others what their laws should be on a particular issue, thereby undermining basic federalism principles." *Id.* at 24.

Here, Plaintiff, a resident of Missouri, seeks to certify a nationwide class action against a Washington-based corporation asserting *only a violation of federal law* where federal courts do not have standing to hear the lawsuit.  If this case proceeds in state court, the state court will make decisions affecting citizens of every other state on questions of *pure federal law* having nothing to do with state law.  If similar cases were allowed to proceed in other state courts, there would be significant risk of inconsistent rulings throughout the nation concerning the meaning and scope of the FCRA (and other federal statutes where the federal courts did not have standing).   To promote the principles of CAFA, Article III standing and federalism, such circumstances warrant the dismissal of the Complaint.

Taken together, Plaintiff's lack of standing under Article III and CAFA *compel* dismissal, and not remand.

## **CONCLUSION**

For each of the reasons stated herein, Costco respectfully requests that the Court dismiss the Complaint in its entirety.

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-24
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440
Email:  mail@winterbauerdiamond.com

1    DATED this 23rd day of September, 2016.

2                                            WINTERBAUER & DIAMOND PLLC

3

4                                            By: s/Steven H. Winterbauer

5                                            Steven H. Winterbauer #16468
                                             WINTERBAUER & DIAMOND PLLC
6                                            1200 Fifth Avenue, Suite 1700
                                             Seattle, WA  98101
7                                            Telephone:  206-676-8440
                                             Fax:  206-676-8441
8                                            Email:  mail@winterbauerdiamond.com
                                             Attorneys for Defendant Costco Wholesale
9                                            Corporation

10                                           Pamela Q. Devata*
                                             John Drury*
11                                           Seyfarth Shaw LLP
                                             131 South Dearborn Street
12                                           Suite 2400
                                             Chicago, Illinois  60603
13                                           Telephone: (312) 460-5000

14                                           Courtney S. Stieber*
                                             Seyfarth Shaw LLP
15                                           620 Eighth Avenue, 32nd Fl.
                                             New York, New York 10018
16                                           Telephone: (212) 218-5500

17                                           *Application for admission pro hac vice to be
                                             filed

18

19

20

21

22

23

24
DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-     WINTERBAUER & DIAMOND PLLC
25                                                       1200 Fifth Avenue, Suite 1700
2:16-cv-01415-JLR                                        Seattle, Washington  98101
                                                         Telephone:  (206) 676-8440
                                                         Email:  mail@winterbauerdiamond.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

I hereby certify that on September 23, 2016, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following:

Beth E. Terrell, WSBA #26759
Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
bterrell@terrellmarshall.com

E. Michelle Drake
Joe Hashmall
Berger & Montague, P.C.
43 SE Main Street, Suite 505
Minneapolis, MN 55414
emdrake@bm.net
jhashmall@bm.net

DATED this 23rd day of September, 2016.

Bonnie Gail
Legal Assistant
Winterbauer & Diamond, P.L.L.C.
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101
Phone:  206-676-8440
Fax:  206-676-8441
mail@winterbauerdiamond.com

DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN
SUPPORT TO DISMISS THE COMPLAINT IN ITS ENTIRETY-
26
2:16-cv-01415-JLR

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440