UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIUS TERRELL,<br><br>                    Plaintiff,<br><br>       v.<br><br>COSTCO WHOLESALE CORP.,<br><br>                    Defendant. | CASE NO. C16-1415JLR<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

## I.   INTRODUCTION

This matter comes before the court on Defendant Costco Wholesale Corp.'s ("Costco") motion to dismiss Plaintiff Julius Terrell's complaint for lack of standing. (Mot. (Dkt. # 19).)  Mr. Terrell opposes the motion (*see* Resp. (Dkt. # 28)), and Costco has filed a reply (Reply (Dkt. # 30)).  Having considered these submissions, the

//

//

//

appropriate portions of the record, and the relevant law, and considering itself fully advised,[1] the court DENIES Costco's motion for the reasons described herein.

## II.   BACKGROUND

In November 2014, Mr. Terrell applied for a job with Costco, a national retail chain headquartered in Washington State.  (Compl. (Dkt. # 1) ¶¶ 21-22.)  As part of the online application process, Costco required Mr. Terrell to undergo a background check, which third-party vendor First Advantage LNS Screening Solutions, Inc. ("First Advantage") performed.  (*Id.* ¶ 24.)  Because Costco sought information about Mr. Terrell's credit capacity, character, general reputation, and personal characteristics, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, required Costco to provide Mr. Terrell with a "clear and conspicuous" document that consisted solely of the disclosure that a consumer report may be obtained for employment purposes.  (*Id.* ¶¶ 12, 22, 24, 28.)

Instead of a standalone disclosure, however, Costco provided Mr. Terrell with a document titled, "Pre-Application FCRA Disclosure and Authorization."  (*Id.* ¶¶ 27-28; *id.*, Ex. A.)  As the title suggests, that document included both a disclosure and an authorization permitting Costco to gather information about Mr. Terrell from a wide array of sources, including:

> [A]ny law enforcement agency, administrator, state or federal agency, institution, school or university (public or private), information service bureau, employer, or insurance company.

---

[1] Both parties have requested oral argument.  The court finds oral argument unnecessary to the disposition of Costco's motion and denies those requests.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

(*Id.*, Ex. A.)  Additionally, the Disclosure and Authorization discouraged Mr. Terrell from contacting First Advantage or Kronos, the human resources company hosting Costco's online application:

> Please do not contact First Advantage Corporation for the status of your employment application.  First Advantage Corporation does not have access to this information and will not be able to respond to your request.  Please do not contact Kronos for results of the background check.  Kronos does not have access to the report and will not be able to respond to your request.

(*Id.* ¶ 35; *id.*, Ex. A.)  Mr. Terrell was required to authorize the background check to complete his application.  (*Id.*, Ex. A.)

On August 10, 2016, Mr. Terrell filed a putative class action against Costco in King County Superior Court, Washington.  (*See* Not. of Removal (Dkt. # 1) ¶¶ 5-6; Am. Not. of Removal (Dkt. # 8) ¶¶ 5-6.)  On September 6, 2016, Costco removed the action to federal court, invoking the court's federal question and diversity jurisdiction.  (*See id.*); 28 U.S.C. §§ 1331-32, 1441, 1446.

Mr. Terrell complains that under Section 1681b(b)(2) of the FCRA, Costco's Disclosure and Authorization:  (1) constitutes "an impermissible attempt to secure permission from the applicant to access a variety of records that would otherwise be protected from disclosure" (Compl. ¶¶ 32-33); (2) discouraged Mr. Terrell from contacting First Advantage when he was entitled to receive information about his background check upon request (*id.* ¶ 35); (3) falsely states that First Advantage does not have access to information about Mr. Terrell's employment application (*id.*); and (4) is not "clear and conspicuous" and contains more information than is permitted for an

FCRA disclosure (*id*. ¶ 38).  Based on these allegations, Mr. Terrell seeks statutory and punitive damages on behalf of himself and a class of those similarly situated.  (*Id*. ¶ 59.)

Costco moves to dismiss Mr. Terrell's complaint.  (*See* Mot.)  It contends that Mr. Terrell has failed to sufficiently allege a concrete injury and thus lacks standing to sue in federal court.  (*Id*.)  The court now turns to the question of whether Mr. Terrell has sufficiently alleged Article III standing.

## III.   ANALYSIS

### A.   Legal Standards

#### 1.  12(b)(1) Motion to Dismiss

Costco moves to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that Mr. Terrell lacks standing to invoke the court's jurisdiction.  (*See* Mot.)  "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Id*. (internal citation omitted).  In contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id*.  Because Costco challenges Mr. Terrell's standing solely on the basis of the pleadings, Costco asserts a facial attack under Rule 12(b)(1).  *Id*.

To evaluate a facial Rule 12(b)(1) motion, the court takes "the allegations in the plaintiff's complaint as true."  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  At the pleading stage,

>[t]o invoke a federal court's subject-matter jurisdiction, a plaintiff needs to provide only "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The plaintiff must allege facts, not mere legal conclusions, in compliance with the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 . . . (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 . . . (2009).

*Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

2. Article III Standing

Article III of the United States Constitution limits the reach of federal jurisdiction to the resolution of cases and controversies. *See* U.S. Const. art. III, § 2. Because "standing is an essential and unchanging part of the case-or-controversy requirement of Article III," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), in the absence of standing, the court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1), *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004); Fed. R. Civ. P. 12(b)(1). Consequently, the party invoking federal jurisdiction bears the burden of establishing standing. *Lujan*, 504 U.S. at 561. The "irreducible constitutional minimum" of standing consists of three elements: (1) the plaintiff must have suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id*. at 560-61; *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). With respect to the first element, an injury in fact must be "(a) concrete and particularized . . . ; and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal citations and quotations omitted). Plaintiffs must plead or prove, with the requisite "degree of evidence required at the successive stages of the litigation," each element of standing. *Id*. at 561.

1       The Supreme Court recently revisited the principles of standing and the
2  injury-in-fact element in *Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S. Ct. 1540 (2016), *as*
3  *revised* (May 24, 2016).  *Spokeo* involved a class action lawsuit under the FCRA, 15
4  U.S.C. § 1681e, in which the plaintiff sued a company for violating the FCRA's
5  procedural requirements by allegedly providing incorrect information about the plaintiff
6  to the company's users.  *Id*. at 1545-46.  The Ninth Circuit held that the plaintiff's injury
7  "satisfied the injury-in-fact requirement of Article III" because the defendant "violated
8  [the plaintiff's] statutory rights, not just the statutory rights of other people."  *Id*.  The
9  Supreme Court reversed, finding that the Ninth Circuit erred by focusing the
10 injury-in-fact inquiry solely on whether the plaintiff's injury was particularized while
11 omitting analysis of concreteness.  *Id*. at 1550.

12      The Supreme Court emphasized that to be concrete, an injury "must be 'de facto';
13 that is, it must actually exist."  *Id*. at 1548.  However, "concrete" does not necessarily
14 mean "tangible."  *Id*. at 1549.  An intangible harm, such as the loss of one's right to free
15 speech or to religious practice, can constitute a concrete injury.  *Id*. (citing *Pleasant*
16 *Grove City v. Summum*, 555 U.S. 460 (2009) (free speech); *Church of Lukumi Babalu*
17 *Aye, Inc. v. Hialeah*, 508 U.S. 520 (1993) (free exercise)).  Indeed, "Congress may
18 'elevat[e] to the status of legally cognizable injuries, de facto injuries that were
19 previously inadequate in law.'"  *Id*. (alteration in original) (quoting *Lujan*, 504 U.S. at
20 578).  Nevertheless, a plaintiff does not "automatically satisf[y] the injury-in-fact
21 requirement whenever a statute grants a person a statutory right and purports to authorize
22 that person to sue to vindicate that right."  *Id*.  "Article III standing requires a concrete

injury even in the context of a statutory violation." *Id*. A plaintiff may not "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."[2] *Id*.

**B.    Mr. Terrell's Complaint**

Here, Costco challenges whether Mr. Terrell pleaded an injury-in-fact by alleging that Costco's Disclosure and Authorization violated Section 1681b(b)(2)(A) of the FCRA, without reference to any additional harm caused by the statutory violation.[3] Costco argues that Mr. Terrell's allegations amount to "bare procedural violations" that are insufficient to establish Article III standing after *Spokeo*. (Mot. at 11.)  Specifically, Costco contends that Mr. Terrell cannot establish Article III standing because he has not alleged any specific, individualized harm. (*Id*. at 10.)  Costco identifies Mr. Terrell's failures to allege that (1) the background report included any adverse information about

---

[2] In certain circumstances, "the risk of real harm" can also be enough to satisfy the concreteness requirement. *Spokeo*, 136 S. Ct. at 1543-44.  For example, the Supreme Court noted that harms associated with certain torts can be difficult to prove or measure. *Id*. (citing libel and slander as examples).  Thus, the Court acknowledged that in some circumstances the violation of a statutory procedural right could constitute an injury-in-fact, and in such cases, the plaintiff need not allege any additional harm beyond the harm Congress had identified. *Id*. at 1549-50.  In so ruling, the Supreme Court cited two prior cases involving informational injuries. *Id*. (citing *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 20-25 (1998) (confirming that a group of voters' "inability to obtain information" that Congress had decided to make public was a sufficient injury in fact to satisfy Article III); *Pub. Citizen v. Dep't of Justice*, 491 U.S. 440, 449 (1989) (holding that two advocacy organizations' failure to obtain information subject to disclosure under the Federal Advisory Committee Act "constitutes a sufficiently distinct injury to provide standing to sue")).

[3] In addition to his allegations that Costco violated Section 1681b(b)(2)(A), Mr. Terrell alleges harm in the form of "deprivation of information and invasion of privacy." (Compl. ¶ 48.)  However, Mr. Terrell's allegations of informational and privacy harms contain no facts specific to Mr. Terrell and are therefore conclusory.  The court accordingly does not incorporate his recitations of harm into its analysis. *See Leite*, 749 F.3d at 1121 ("The plaintiff must allege facts, not mere legal conclusions.").

ORDER - 7

him, (2) he failed to obtain employment because of the report, or (3) Costco's Authorization and Disclosure confused him. (*Id.*) Instead, Mr. Terrell simply alleges that Costco's Disclosure and Authorization violated Section 1681b(b)(2)(A) of the FCRA. The court concludes that Section 1681b(b)(2)(A) creates substantive rights to information and privacy and that Mr. Terrell's assertion that Costco violated this statutory provision therefore sufficiently alleges harm to confer Article III standing.[4]

Analyzing whether Mr. Terrell sufficiently pleaded an injury-in-fact begins with the nature of the rights conferred by Section 1681b(b)(2)(A). *Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623, 631 (E.D. Va. 2016). "To determine whether an intangible harm constitutes injury in fact, both history and the judgment of Congress are instructive." *Spokeo*, 136 S. Ct. at 1543; *see also Thomas*, 193 F. Supp. 3d at 631 ("[C]ourts have turned to the common law and to the judgment of Congress, as reflected in the FCRA, to determine whether the violations of FCRA Section 1681b(b)(2)(A) constitute injuries capable of satisfying the case or controversy requirement."). "Congress enacted the FCRA in 1970 in response to concerns about corporations' increasingly sophisticated use of consumers' personal information in making credit and other decisions." *Syed v. M-I, LLC*, 846 F.3d 1034, 1037 (9th Cir. 2017). "Congress was specifically concerned that

---

[4] The parties dispute who bears the burden of demonstrating subject matter jurisdiction in this case. Mr. Terrell asserts that because Costco removed this action to federal court, Costco bears the burden of demonstrating the court's jurisdiction. (Resp. at 5.) Costco counters that Mr. Terrell conflates two standards, the proper bases for Costco's removal and "the fact that a plaintiff, once in federal court, must have Article III standing." (Mot. at 2.) Because the court finds that Mr. Terrell has Article III standing regardless of which party carries the burden, the court need not decide this issue.

prospective employers were obtaining and using consumer reports in a manner that violated job applicants' privacy rights." *Thomas*, 193 F. Supp. at 623 (citing S. Rep. No. 517, 91st Cong., 1st Sess. 2 ("Senate Report") at 3). Congress also recognized that there are times when the consumer may not know "he is being rejected for credit or insurance or employment because of a credit report" and therefore "would have no opportunity to be confronted with the charges against him and tell his side of the story." *Id*. at 633. For these reasons, the FCRA provides a private right of action against those who violate its statutory requirements, including potential employers who fail to use the FCRA's "reasonable procedures in procuring and using consumer reports." *Syed*, 846 F.3d at 1037.

The FCRA's disclosure and authorization provision, 15 U.S.C. § 1681b(b)(2)(A), is meant to further "Congress' overarching purposes of ensuring accurate credit reporting, promoting efficient error correction, and protecting privacy," *id*. at 1038. Under the provision, potential employers are prohibited from conducting background checks on job applicants unless (i) the employer provides the applicant with "a clear and conspicuous disclosure . . . made in writing . . . in a document that consists solely of the disclosure[] that a consumer report may be obtained for employment purposes," and (ii) "the [applicant] has authorized in writing . . . the procurement of the report by that person." 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii). In addition to securing job applicants' privacy rights by enabling them to withhold authorization, "the provision promotes error correction by providing applicants with an opportunity to warn a prospective employer of errors in the

report before the employer decides against hiring the applicant on the basis of information contained in the report." *Syed*, 846 F.3d at 1037.

The Ninth Circuit recently addressed the issue before this court, holding that Section 1681b(b)(2)(A) creates substantive rights to information and privacy. *Syed*, 846 F.3d at 1040. Accordingly, a defendant who violates these statutory provisions has caused concrete harm. *Id.* "By providing a private cause of action for violations of Section 1681b(b)(2)(A), Congress has recognized the harm such violations cause, thereby articulating a 'chain of causation that will give rise to a case or controversy.'" *Id.* (quoting *Spokeo*, 136 S. Ct. at 1549). Consequently, Mr. Terrell has sufficiently pled an injury-in-fact[5] and satisfies the "irreducible constitutional minimum" of standing.[6] *Lujan*, 504 U.S. at 560-61.

Costco argues that "[i]n light of *Spokeo*, to sufficiently allege a 'concrete,' *i.e.*, 'actually exist[ing]' and 'real,' injury, it is *not* enough to merely allege a violation of a statute." (Mot. at 11.) But Costco's characterization of the *Spokeo* holding goes too far. In cases where "harms may be difficult to prove or measure[,] the violation of a procedural right granted by statute can be sufficient" and "a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." *Spokeo*, 136 S.

---

[5] Costco has only challenged Mr. Terrell's ability to demonstrate injury-in-fact. (*See* Mot.) The court sees no reason to question whether Mr. Terrell's allegations establish the other necessary elements of standing: that his injury is fairly traceable to Costco's conduct and likely to be redressed by a favorable judicial decision. *See Lujan*, 504 U.S. at 560-61.

[6] The court is in receipt of the parties' submissions of supplemental authority. (*See* Dkt. ## 31-43.) However, given the holding in *Syed*, 846 F.3d at 1040, the court finds the additional authority unpersuasive.

1  Ct. at 1549.  "In these situations, legal rights reflect social judgments about where harm
2  has and has not occurred . . . .  The public disclosure of private information or defamatory
3  falsehoods does not need downstream consequences to be hurtful."  Daniel Townsend,
4  *Who Should Define Injuries for Article III Standing?*, 68 STAN. L. REV. ONLINE 76, 80-81
5  (2015).

6  Costco's argument that Mr. Terrell cannot establish standing without alleging
7  certain types of harm highlights the necessity of the substantive right identified by
8  Section 1681b(b)(2)(A).  (Mot. at 11.)  Because of the nature of the harms Costco
9  describes, Mr. Terrell would likely have been unaware that the source of his injury was
10 Costco's Disclosure and Authorization form.  In enacting the FCRA, Congress
11 anticipated times when the consumer may not know "he is being rejected for credit or
12 insurance or employment because of a credit report" and therefore codified substantive
13 rights to privacy and information.  *Thomas*, 193 F. Supp. at 632-33.  Violations of these
14 rights are the root cause of the downstream harms Costco has described.  *Id*. at 633.
15 Accordingly, Mr. Terrell need not allege any additional harm in order to demonstrate that
16 he suffered an injury-in-fact.  *Syed*, 846 F.3d at 1040.

17 //
18 //
19 //
20 //
21 //
22 //

## IV. CONCLUSION

Based on the foregoing analysis, the court DENIES Costco's motion to dismiss (Dkt. # 19).

Dated this 10th day of March, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 12