UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIUS TERRELL,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.

CASE NO. C16-1415JLR

ORDER DIRECTING BRIEFING

## I. INTRODUCTION

Before the court is Plaintiff Julius Terrell's notice regarding the Ninth Circuit's amended opinion in *Syed v. M-I, LLC*, 846 F.3d 1034 (9th Cir. 2017) ("*Syed I*"), *amended and superseded on denial of rehearing en banc by Syed v. M-I, LLC*, --- F.3d ---, 2017 WL 1050586 (9th Cir. Mar. 20, 2017) ("*Syed II*"). (*Syed* Not. (Dkt. # 51).) The court's recent order denying Defendant Costco Wholesale Corporation's motion to dismiss hinged on the Article III standing analysis that the Ninth Circuit undertook in *Syed I*.

ORDER - 1

1 (*See* 3/10/17 Order (Dkt. # 44) at 9-11.) Accordingly, Mr. Terrell brings *Syed II* to the

2 court's attention. (*See Syed* Not. at 2-3.) Having reviewed Mr. Terrell's notice, *Syed I*,

3 *Syed II*, the other applicable law, and the relevant portions of the record, the court

4 DIRECTS the parties to brief the issues discussed below.

## II. BACKGROUND & ANALYSIS

6     This is a putative class action in which Mr. Terrell alleges that Costco violated the

7 Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by providing

8 noncompliant disclosures to job applicants. (*See generally* Compl. (Dkt. # 5-1).) On

9 September 6, 2016, Costco removed this case from King County Superior Court. (*See*

10 Not. of Removal (Dkt. # 1).) Costco then moved to dismiss the case for lack of Article

11 III standing based on *Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S. Ct. 1540 (2016). (MTD

12 (Dkt. # 19).) Mr. Terrell responded that his allegations supported standing and, at any

13 rate, the case should be remanded—not dismissed—if the court concluded that he lacked

14 standing. (*See* MTD Resp. (Dkt. # 28).)

15     The court concluded that Mr. Terrell's complaint sufficiently alleged concrete

16 injury and that Mr. Terrell therefore had standing:

> Costco challenges whether Mr. Terrell pleaded an injury-in-fact by alleging that Costco's Disclosure and Authorization violated Section 1681b(b)(2)(A) of the FCRA, without reference to any additional harm caused by the statutory violation. Costco argues that Mr. Terrell's allegations amount to "bare procedural violations" that are insufficient to establish Article III standing after *Spokeo*..... Mr. Terrell simply alleges that Costco's Disclosure and Authorization violated Section 1681b(b)(2)(A) of the FCRA.....
>
> Analyzing whether Mr. Terrell sufficiently pleaded an injury-in-fact begins with the nature of the rights conferred by Section 1681b(b)(2)(A). *Thomas*

> *v. FTS USA, LLC*, 193 F. Supp. 3d 623, 631 (E.D. Va. 2016). "To determine whether an intangible harm constitutes injury in fact, both history and the judgment of Congress are instructive." *Spokeo*, 136 S. Ct. at 1543; *see also Thomas*, 193 F. Supp. 3d at 631 ("[C]ourts have turned to the common law and to the judgment of Congress, as reflected in the FCRA, to determine whether the violations of FCRA Section 1681b(b)(2)(A) constitute injuries capable of satisfying the case or controversy requirement."). . . . .
>
> The Ninth Circuit recently addressed the issue before this court, holding that Section 1681b(b)(2)(A) creates substantive rights to information and privacy. [*Syed I*], 846 F.3d at 1040. Accordingly, a defendant who violates these statutory provisions has caused concrete harm. *Id.* "By providing a private cause of action for violations of Section 1681b(b)(2)(A), Congress has recognized the harm such violations cause, thereby articulating a 'chain of causation that will give rise to a case or controversy.'" *Id.* (quoting *Spokeo*, 136 S. Ct. at 1549). Consequently, Mr. Terrell has sufficiently pled an injury-in-fact and satisfies the "irreducible constitutional minimum" of standing. *Lujan*, 504 U.S. at 560-61.

(3/10/17 Order at 7-8, 10 (internal footnotes omitted).) As the above excerpt demonstrates, this court's ruling hinged on the *Syed I* court's conclusions that (1) Section 1681b(b)(2)(A) confers a substantive right, and (2) a plaintiff adequately alleges a concrete injury merely by alleging a violation of that provision. (*See id.* at 10.)

The Ninth Circuit's amended opinion—*Syed II*—calls into question whether Mr. Terrell has adequately alleged a concrete injury sufficient to confer standing. *Compare Syed I*, 846 F.3d at 1037-40, *with Syed II*, 2017 WL 1050586, at *4-5. In *Syed I*, the court identifies the alleged violations of Section 1681b(b)(2)(A), determines that Section 1681b(b)(2)(A) confers substantive rights, and straightforwardly concludes, "Therefore, Syed has Article III standing to bring this lawsuit." *Syed I*, 846 F.3d at 1037-40. In *Syed II*, the court removes that conclusion and replaces it with a paragraph that discusses the

//

ORDER - 3

plaintiff's allegations of concrete injury apart from the mere violation of Section 1681b(b)(2)(A):

> Syed alleged in his complaint that he "discovered Defendant M-I's violation(s) within the last two years when he obtained and reviewed his personnel file from Defendant M-I and discovered that Defendant M-I had procured and/or caused to be procured a 'consumer report' regarding him for employment purposes based on the illegal disclosure and authorization form." This allegation is sufficient to infer that Syed was deprived of the right to information and the right to privacy guaranteed by Section 1681b(b)(2)(A)(i)-(ii) because it indicates that Syed was not aware that he was signing a waiver authorizing the credit check when he signed it. Drawing all reasonable inferences in favor of the nonmoving party, we can fairly infer that Syed was confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure, as required in the statute. Therefore, Syed did allege a concrete injury and has Article III standing to bring this lawsuit.

*Syed II*, 2017 WL 1050586, at *5. The Ninth Circuit's additional inquiry into the plaintiff's precise allegations of concrete injury and the reasonable inferences to be drawn therefrom renders infirm the basis for the court's March 10, 2017, conclusion that Mr. Terrell adequately alleged a concrete injury.

In light of *Syed II*, Mr. Terrell indicates that he does not oppose remand to King County Superior Court. (*Syed* Not. at 2-3 ("Plaintiff does not wish to expend the Court's resources on further litigation of this matter only to have Defendant raise the issue of subject-matter jurisdiction months, or even years, from now. Nor does Plaintiff wish to litigate under the constant threat of Defendant raising the issue of a lack of subject-matter jurisdiction.")); *see also id.* at 3 (citing *Mocek v. Allsaints USA Ltd.*, No. 16 C 8484, 2016 WL 7116590, at *2 (N.D. Ill. Dec. 7, 2016)) ("Post-*Spokeo*, when faced with FCRA cases where neither party chose to affirmatively shoulder the burden of asserting

subject-matter jurisdiction, other courts have remanded.").) Costco has previously taken the position that the court should dismiss the case if the court concludes that Mr. Terrell lacks Article III standing. (MTD at 21-24; MTD Reply (Dkt. # 30) at 10-11.) Furthermore, because *Syed I* was binding authority when the court issued its March 10, 2017, order, the court has not analyzed whether Mr. Terrell's allegations suffice under the approach espoused in *Syed II*. In accordance with the court's obligation to raise *sua sponte* matters that implicate its subject matter jurisdiction, *see Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)), the court DIRECTS the parties to brief the following questions:

- Whether, in light of *Syed II*, Mr. Terrell has adequately alleged a concrete injury; and

- Assuming Mr. Terrell has not adequately alleged a concrete injury, whether the court must remand the action or dismiss the action without prejudice.

The parties must each file an opening brief and a response brief, and they may not incorporate by reference arguments from past briefing. The opening briefs may not exceed eight (8) pages each and must be filed by April 21, 2017. The response briefs may not exceed four (4) pages each and must be filed by April 28, 2017.

//

//

//

//

//

ORDER - 5

## III. CONCLUSION

For the foregoing reasons, the court DIRECTS the parties to brief Mr. Terrell's standing in the manner directed above.

Dated this 12th day of April, 2017.

JAMES L. ROBART
United States District Judge