THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

JULIUS TERRELL, as an individual and as a
9 | representative of the class,                          NO. 2:16-cv-01415-JLR

10 |                              Plaintiff,               **PLAINTIFF'S OPENING BRIEF
                                                         REGARDING** *SYED II*
11 |           v.

12 | COSTCO WHOLESALE CORP.,

13 |                              Defendant.

14

15

16 |                          **I.  INTRODUCTION**

17 |        The Court has directed the parties to submit briefs regarding two issues: (1) Whether

18 | Plaintiff has adequately alleged a concrete injury in light of the Ninth Circuit's recent

19 | amendment of its opinion in *Syed v. M-I, LLC*, 846 F.3d 1034 (9th Cir. 2017) ("*Syed I*"),

20 | *amended and superseded on denial of rehearing en banc by Syed v. M-I, LLC*, --- F.3d ---, 2017

21 | WL 1050586 (9th Cir. Mar. 20, 2017) ("*Syed II*") and (2) assuming Plaintiff has not adequately

22 | alleged a concrete injury, whether the Court must remand the action or dismiss the action with

23 | prejudice. (Dkt. #52.)

24 |        Plaintiff respectfully requests that the Court decline to issue a ruling on the first issue —

25 | whether Plaintiff has adequately alleged a concrete injury under *Syed II* — and instead simply

26 | remand the case to King County Superior Court, where Plaintiff originally filed this action.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Such a result is appropriate because neither party advocates for federal jurisdiction and is

2  consistent with both the doctrine of constitutional avoidance and decisions in similar cases. To

3  the extent the Court decides to reach the constitutional question and determines it lacks

4  jurisdiction, the case also should be remanded. Remand is mandatory in cases where the court

5  lacks subject matter jurisdiction and is especially appropriate here because Plaintiff originally

6  filed this matter in state court.

7                    **II.  RELEVANT FACTS**

8        Plaintiff initially filed this case in the Superior Court of King County. (Dkt. #1.)

9  Defendant removed, thereby asserting this Court's jurisdiction, but then immediately asked this

10  court to dismiss for lack of jurisdiction. (Dkt. ##1, 19.)  During the pendency of Defendant's

11  motion to dismiss, *Syed I* was decided. After the Court denied Defendant's motion to dismiss,

12  the Ninth Circuit revised its opinion and issued *Syed II*. In the wake of *Syed II*, Defendant

13  continues to assert that this Court lacks subject matter jurisdiction. (*See* Dkt. #53 (Joint Status

14  Report, in which Defendant asserts that "[b]ecause Plaintiff has not suffered a concrete harm,

15  Defendant's position is that this case should be dismissed for lack of Article III standing.").)

16  Plaintiff does not oppose a remand.

17                    **III.  ARGUMENT**

18  **A.  The Court can and should remand without ruling on the standing issue
because neither party advocates for federal jurisdiction and declining to
19  rule on standing is consistent with the doctrine of constitutional avoidance.**

20        Federal courts are presumptively without jurisdiction over civil actions and the burden

21  of establishing the contrary rests upon the party asserting jurisdiction. *See Kokkonen v.*

22  *Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). For that

23  reason, when faced with removed cases where neither party chooses to affirmatively shoulder

24  the burden of asserting subject-matter jurisdiction, courts remand. *See, e.g., Black v. Main St.*

25  *Acquisition Corp.*, No. 5:11-CV-0577 LEK/DEP, 2013 WL 1295854, at *1 (N.D.N.Y. Mar. 27,

26

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   2013) (remanding where neither party asserted federal jurisdiction after removal); *Mocek v.*

2   *Allsaints USA Ltd.*, No. 16 C 8484, 2016 WL 7116590, at *2 (N.D. Ill. Dec. 7, 2016) (same).

3       In *Main Street Acquisition*, the defendants removed the case to federal court. Because

4   the defendants initially asserted that the Court had jurisdiction, the court found that they bore

5   "the burden of proving the Court's jurisdiction." *Main St. Acquisition*, 2013 WL 1295854 at *1.

6   However, "instead of offering proof of the Court's jurisdiction," the defendants "insist[ed] that

7   the Court *lack[ed]* jurisdiction, and the Plaintiff concurs." *Id.* (emphasis in original). On these

8   facts, the court concluded that "because no party shoulder[ed] the burden of proving

9   jurisdiction," the Court lacked subject matter jurisdiction and remanded the case. *Id.* The

10  *Mocek* court likewise found that, in the absence of either party asserting it jurisdiction, it was

11  not required to engage in its own review of the issue. *Mocek*, 2016 WL 7116590 at *2.

12      Remand is consistent with the doctrine of constitutional avoidance, which is based on

13  the "prudential concern that constitutional issues not be needlessly confronted." *Valenzuela*

14  *Gallardo v. Lynch*, 818 F.3d 808, 817 (9th Cir. 2016) (quoting *DeBartolo Corp. v. Florida Gulf*

15  *Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 575 (1988)). Here, as in *Main Street*

16  *Acquisition* and *Mocek*, neither party advocates that the Court find jurisdiction. Defendant has

17  always maintained that this court lacks subject matter jurisdiction. Dkt. ## 19, 30, 53. And

18  Plaintiff does not oppose remand. Dkt. #51. With no party advocating that the Court find

19  jurisdiction, this Court can and should avoid passing on the constitutional issues set forth in

20  *Spokeo* and *Syed II* – both of which are based upon interpretation of Article III.

21  **B.    Even if the Court finds that it lacks subject matter jurisdiction, the case
           should be remanded.**

22

23      Even if the Court reaches the constitutional question and determines it lacks subject

24  matter jurisdiction in this court, this matter must be remanded, rather than dismissed. 28 U.S.C.

25  § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject

26  matter jurisdiction, the case shall be remanded."). Remand is mandatory, not discretionary. *See*

PLAINTIFF'S OPENING BRIEF REGARDING SYED II – 3
CASE NO. 2:16-cv-01415-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1198 (9th Cir. 2016) ("The literal words of

2    § 1447(c) on their face, give no discretion to dismiss rather than remand an action").

3         Defendant's refrain that the matter should be dismissed "with prejudice" is wrong. "It is

4    well-established that a federal court cannot reach the merits of any dispute until it confirms that

5    it retains subject matter jurisdiction to adjudicate the issues presented." *Washam v. Rabine*, No.

6    3:12CV2433-GPC-BLM, 2013 WL 1849233, at *1 (S.D. Cal. May 1, 2013) (citing *Steel Co. v.*

7    *Citizens for a Better Environ.*, 523 U.S. 83, 94–95 (1998)); *see also Herman Family Revocable*

8    *Trust v. Teddy Bear*, 254 F.3d 802, 807 (9th Cir. 2001) (noting "a court lacking jurisdiction to

9    hear a case may not reach the merits"). It is intellectually incoherent for a court to adjudicate

10   the merits of a case via a dismissal with prejudice where the court is at the same time saying it

11   lacks jurisdiction to adjudicate the case.

12        Remand is also equitable. Plaintiff did not choose to come to this court, and should not

13   be required to re-file his action based on Defendant's decision to remove. Jurisdiction over this

14   case would be proper in King County Superior Court, as it is not bound by the strictures of

15   Article III, and Congress intended for Plaintiff to be able to bring his suit there. *See To-Ro*

16   *Trade Shows v. Collins*, 100 Wn. App. 483, 489, 997 P.2d 960, 963 (2000) *aff'd*, 144 Wn.2d

17   403, 27 P.3d 1149 (2001) (observing "Washington State superior courts are courts of general

18   jurisdiction and are not constrained by subject matter jurisdiction under Article III"); *see also*

19   *Polo* at 7 (holding the district court "*must* remand the case to state court, rather than dismiss it"

20   and noting that state courts "are not bound by the constraints of Article III.") (citation omitted,

21   emphasis in original);[1] 15 U.S.C. § 1681p (allowing FCRA actions to be maintained in federal

22   district court or "in any other court of competent jurisdiction").

23        At least three other courts have concluded that remand is mandatory where the

24   defendant removes an action under § 1681b(b)(2) and the court subsequently finds that the

25   ───────────────

26   [1] State courts have concurrent jurisdiction over actions based on violation of federal law: "state courts
     have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the
     laws of the United States." *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990) (quotation
     omitted).

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

plaintiff lacks standing. *See Lee v. Hertz Corp.* (N.D. Cal. Dec 2, 2016) (on this Court's docket as Dkt. #36-3); *In Re: Michaels Stores, Inc.* (D.N.J., Jan 24, 2017) (on this Court's docket as Dkt. #40-1 at 20); *Easley v. Reserves Network, Inc.*, No. 1:16-cv-00544, ECF No. 51 at 20 (N.D. Oh. Mar. 17, 2017).[2] This Court should do the same and remand this matter to King County Superior Court.

RESPECTFULLY SUBMITTED AND DATED this 21st day of April, 2017.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, WSBA #26759
    Beth E. Terrell, WSBA #26759
    Email:  bterrell@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington  98103
    Telephone:  (206) 816-6603
    Facsimile: (206) 319-5450

    E. Michelle Drake, *Admitted Pro Hac Vice*
    Email:  emdrake@bm.net
    Joe Hashmall, *Admitted Pro Hac Vice*
    Email:  jhashmall@bm.net
    BERGER & MONTAGUE, P.C.
    43 SE Main Street, Suite 505
    Minneapolis, Minnesota 55414
    Telephone:  (612) 594-5933
    Facsimile:  (612) 584-4470

    *Attorneys for Plaintiff*

---

[2] Notably, both *Hertz* and *Michaels* were submitted **by Defendant** to this Court as supplemental authority.

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on April 21, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Steven H. Winterbauer, WSBA #16468
Email:  steven@winterbauerdiamon.com
WINTERBAUER & DIAMOND PLLC
1200 5th Avenue, Suite 1700
Seattle, Washington 98101-3147
Telephone:  (206) 676-8440
Facsimile:  (206) 676-8441

David D. Kadue, *Admitted Pro Hac Vice*
Email:  dkadue@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

John W. Drury, *Admitted Pro Hac Vice*
Email: jdrury@seyfarth.com
Pamela Q. Devata, *Admitted Pro Hac Vice*
Email: pdevata@seyfarth.com
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone:  (312) 460-5263
Facsimile:  (312) 460-7000

Courtney Stieber, *Admitted Pro Hac Vice*
Email: cstieber@seyfarth.com
SEYFARTH SHAW LLP
620 8th Avenue
New York, New York 10018
Telephone:  (212) 218-3382
Facsimile:  (212) 218-5526

*Attorneys for Defendant*

PLAINTIFF'S OPENING BRIEF REGARDING SYED II – 6
CASE NO. 2:16-cv-01415-JLR

1

DATED this 21st day of April, 2017.

2

TERRELL MARSHALL LAW GROUP PLLC

3

By:   /s/ Beth E. Terrell, WSBA #26759

4

Beth E. Terrell, WSBA #26759
Email:  bterrell@terrellmarshall.com

5

936 North 34th Street, Suite 300
Seattle, Washington  98103

6

Telephone:  (206) 816-6603
Facsimile: (206) 319-5450

7

8

*Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com