THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JULIUS TERRELL, as an individual and as a representative of the class,

                Plaintiff,

   v.

COSTCO WHOLESALE CORP.,

                Defendant.

NO. 2:16-cv-01415-JLR

**PLAINTIFF'S RESPONSE BRIEF REGARDING** *SYED II*

PLAINTIFF'S RESPONSE BRIEF REGARDING SYED II
CASE NO. 2:16-CV-01415-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF CONTENTS**

**Page No.**

I.    INTRODUCTION ....................................................................................................1

II.   ARGUMENT ..........................................................................................................1

PLAINTIFF'S RESPONSE BRIEF REGARDING SYED II – i
CASE NO. 2:16-CV-01415-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

**Page No.**

### FEDERAL CASES

*ASARCO Inc. v. Kadish*,
 490 U.S. 605 (1989) ............................................................................................................2

*Howlett By and Through Howlett v. Rose*,
 496 U.S. 356 (1990) ............................................................................................................3

*Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*,
 500 U.S. 72 (1991) ..............................................................................................................1

*Kaufman v. JPMorgan Chase Bank, N.A.*,
 No. 2:14-CV-02217-ODW, 2014 WL 2094284 (C.D. Cal. May 20, 2014) ........................1

*Polo v. Innoventions Int'l, LLC*,
 833 F.3d 1193 (9th Cir. 2016) ....................................................................................1, 2, 4

*Siler v. Dillingham Ship Repair*,
 288 F. App'x 400 (9th Cir. 2008) ........................................................................................4

*Zaitzeff v. City of Seattle*,
 No. 2:16-CV-00244-BAT, 2016 WL 6084930 (W.D. Wash. Oct. 18, 2016) .....................1

### STATE CASES

*Handlin v. On-Site Manager Inc.*,
 187 Wash. App. 841 (2015) ................................................................................................3

*Lee v. Hertz Corp.*,
 (San Francisco Cnty. Super. Ct., Apr. 5, 2017) ..................................................................3

*Nelson v. Appleway Chevrolet, Inc.*,
 160 Wash. 2d 173, 157 P.3d 847 (2007) ........................................................................3. 4

*Rasor v. Retail Credit Co.*,
 87 Wash. 2d 516 (1976) ......................................................................................................3

*Save a Valuable Env't (SAVE) v. City of Bothell*,
 89 Wash. 2d 862 (1978) ......................................................................................................3

PLAINTIFF'S RESPONSE BRIEF REGARDING SYED II – ii
CASE NO. 2:16-CV-01415-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*To-Ro Trade Shows v. Collins*,
    100 Wash. App. 483 (2000) ...................................................................................................2

*Trinity Universal Ins. Co. of Kansas v. Ohio Cas. Ins. Co.*,
    176 Wash. App. 185 (2013) ...................................................................................................2

**FEDERAL STATUTES**

28 U.S.C. § 1447(c) ...............................................................................................................1, 4

PLAINTIFF'S RESPONSE BRIEF REGARDING SYED II – iii
CASE NO. 2:16-CV-01415-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Defendant has provided no compelling reason why this matter should not be remanded. No party is arguing that this Court has jurisdiction,[1] and the black letter law requires that in this circumstance, the matter "shall be remanded." 28 U.S.C. § 1447(c). This court should therefore remand, without reaching the question of jurisdiction.

## II. ARGUMENT

The most striking feature of Defendant's brief is its failure to address the Ninth Circuit's opinion in *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1198 (9th Cir. 2016) or the text of 28 U.S.C. § 1447(c). Under the plain language of federal law, this court must remand. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case ***shall*** be remanded." 28 U.S.C. § 1447(c) (emphasis added). The statute, which explicitly requires remand, lists no exceptions. The Ninth Circuit has confirmed that this language is mandatory. *Polo* 833 F.3d 1193, 1198.

In spite of the plain language of the law, Defendant asserts the Court has discretion. Citing a case from 1991, Defendant argues that Section 1447(c) contains an unwritten futility exception. ECF No. 54 at 5, *citing Bell v. City of Kellogg*, 922 F.2d 1418 (9th Cir. 1991). However, in *Polo*, the Ninth Circuit noted that *Bell* "may no longer be good law," because the Supreme Court, after *Bell* was decided, held that "the literal words of § 1447(c) on their face, give no discretion to dismiss rather than remand." *Id.* at 9-10, *quoting Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 89 (1991).[2]

---

[1] Defendant continues to argue that establishing standing is Plaintiff's burden, but neither of the cases Defendant cites actually addresses that question. In both cases, the plaintiff argued that standing existed, without addressing burden. Furthermore, in both cases, dismissal was *without* prejudice. *See Zaitzeff v. City of Seattle*, No. 2:16-CV-00244-BAT, 2016 WL 6084930, at *7 (W.D. Wash. Oct. 18, 2016); *Kaufman v. JPMorgan Chase Bank, N.A.*, No. 2:14-CV-02217-ODW, 2014 WL 2094284, at *4 (C.D. Cal. May 20, 2014).

[2] Defendant argues that *Bell* has not been explicitly overruled, but what the *Polo* court made clear is that *Bell* is inconsistent with a later-decided Supreme Court case, *Int'l Primate Prot. League*. That later-decided higher court decision is reason to disregard *Bell*.

PLAINTIFF'S RESPONSE BRIEF REGARDING SYED II – 1
CASE NO. 2:16-CV-01415-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

Reading a "futility exception" into the plain language of Section 1447(c) is particularly problematic in this case. Defendant invoked this Court's jurisdiction, and then immediately claimed this Court has no jurisdiction. Defendant now asks this Court to declare that Washington state courts would not have jurisdiction either. Not only is Defendant's strategy self-contradictory, but taken to its logical conclusion it also would allow Defendants to pick and choose between state and federal forums for the sole purpose of deciding issues of state law. This should not be countenanced.

Even if there was a futility exception—which the Ninth Circuit expressed great skepticism about in *Polo,* and which this Court should not examine—it would not apply here. In discussing this hypothetical unwritten exception, the Ninth Circuit said that it would only apply when there was "absolute certainty" that the action would be dismissed in state court. *Id*. at 10. Defendant does not come close to clearing the high bar of "absolute certainty." Article III applies only in federal court, not in state court. *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) ("We have recognized often that the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law"); *To-Ro Trade Shows v. Collins*, 100 Wash. App. 483, 489 (2000) *aff'd,* 144 Wash. 2d 403 (2001) ("Washington State superior courts are courts of general jurisdiction and are not constrained by subject matter jurisdiction under Article III.")

It would be improper for this Court to superimpose Article III requirements on Washington law. Washington does not have a standing requirement which is analogous to injury-in-fact and Washington state courts' jurisdiction is far broader than Article III. *Trinity Universal Ins. Co. of Kansas v. Ohio Cas. Ins. Co.*, 176 Wash. App. 185, 198–99, (2013).[3] Standing in Washington court is a non-jurisdictional, waivable issue. *Id.*

---

[3] "In federal courts, a plaintiff's lack of standing deprives the court of subject matter jurisdiction…By contrast, the Washington Constitution places few constraints on superior court jurisdiction. Accordingly, if a defendant waives the defense that a plaintiff lacks standing, a Washington court can reach the

PLAINTIFF'S RESPONSE BRIEF REGARDING SYED II – 2
CASE NO. 2:16-CV-01415-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

A Washington state court also would not dismiss this case simply because it involves a federal statute. Washington state courts have heard causes of action under the FCRA, with one even reaching the Washington State Supreme Court. *Rasor v. Retail Credit Co.*, 87 Wash. 2d 516 (1976). Nor will a lack of monetary damages be a concern; Washington state courts have allowed a case under the Washington Fair Credit Reporting Act ("WFCRA," a state analog to the FCRA) to move forward, *even when actual damages had not been alleged. Handlin v. On-Site Manager Inc.*, 187 Wash. App. 841, 849 (2015) (rejecting argument that the complaint was insufficient because it did not specifically allege actual damages, and explaining that the WFCRA is enforced through the Consumer Protection Act, where "[m]onetary damages need not be proved; unquantifiable damages may suffice.")(quotation omitted). A state court violates the Supremacy Clause when it refuses to hear federal causes of action while providing a forum for similar state causes of action, because "a state court may not deny a federal right, when the parties and controversy are properly before it, in the absence of valid excuse." *Howlett By and Through Howlett v. Rose*, 496 U.S. 356 at 369 (1990). Further, there is precedent for state courts hearing FCRA claims under 1681b(b)(2) even when federal courts have declined to do so. *See Lee v. Hertz Corp.* (San Francisco Cnty. Super. Ct., Apr. 5, 2017) (attached as Ex. 1). The result will be the same here, under Washington law.

The off-point cases cited by Defendant do not counsel otherwise. *Grant Cnty. Fire Prot. Dist. No. 5 v. City of Moses Lake*, 150 Wash. 2d 791 (2004), *Allan v. Univ. of Wash.*, 140 Wash. 2d 323 (2000) and *Trepanier v. City of Everett*, 64 Wash. App. 380 (1992) all address statutory standing under specific Washington laws (the Uniform Declaratory Judgments Act, the Washington Administrative Procedures Act, and State Environmental Policy Act, respectively), and are therefore entirely off point. *Save a Valuable Env't (SAVE) v. City of Bothell*, 89 Wash. 2d 862 (1978) deals with associational standing for a non-profit, and is similarly inapposite. Defendant cites *Nelson v. Appleway Chevrolet, Inc.*, 160 Wash. 2d 173,

---

merits. Therefore, in Washington, a plaintiff's lack of standing is not a matter of subject matter jurisdiction." *Id.* (citations omitted).

PLAINTIFF'S RESPONSE BRIEF REGARDING SYED II – 3
CASE NO. 2:16-CV-01415-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  186, 157 P.3d 847, 853 (2007) for the proposition that Washington courts require economic

2  injury, but the case actually holds that standing requires the plaintiff "suffered an injury in fact,

3  *economic or otherwise*." *Id.* (emphasis added). Defendant has cited no cases which establish

4  that Washington courts follow *Spokeo* or are bound by Article III, because none exist.

5        In asserting that this case should be dismissed with prejudice, Defendant fails to explain

6  how, if this Court does not have subject matter jurisdiction, it could ever adjudicate this matter

7  on the merits. The Ninth Circuit has made clear that dismissal for lack of jurisdiction must be

8  without prejudice, and Defendant's cases are not contrary.[4] *Siler v. Dillingham Ship Repair*,

9  288 F. App'x 400, 401 (9th Cir. 2008).

10       Finally, the "principles" of the Class Action Fairness Act ("CAFA") do not mandate a

11 different result. No provision in CAFA mandates dismissal in this case, and no court has

12 dismissed rather than remanding an action because of the CAFA's "principles." And Congress

13 can no more expand federal courts' Article III jurisdiction through a legislative enactment like

14 CAFA than it can through the provisions of the FCRA at issue here. Subject matter jurisdiction

15 is circumscribed by the Constitution and cannot be expanded by Congress, no matter the title of

16 the Act relied upon. Defendant cannot coherently argue that Article III trumps Congress's

17 intent in passing the FCRA, but not Congress's intent in passing CAFA.

18       This matter should be remanded.  28 U.S.C. § 1447(c).

---

[4] In *Cleveland Police Patrolmen's Ass'n v. City of Cleveland*, No. 1:15-CV-1917, 2016 WL 70570 (N.D. Ohio Jan. 6, 2016) the Plaintiff had improperly filed a notice of voluntary dismissal at a time when it was not procedurally available. The Court, with no consideration of § 1447, converted it into a dismissal with prejudice. In *Middlesex Surgery Ctr. v. Horizon*, No. CIV.A. 13-112 SRC, 2013 WL 775536 (D.N.J. Feb. 28, 2013) the Court dismissed for failure to state a claim, not a lack of standing. In *Impress Commc'ns v. Unumprovident Corp.*, 335 F. Supp. 2d 1053, 1055 (C.D. Cal. 2003), the court found both a lack of standing and a failure to state a claim, and chose to dismiss on the merits, with no consideration of § 1447. *Woods v. Caremark, L.L.C.*, No. 4:15-CV-00535-SRB, 2016 WL 6908108 (W.D. Mo. July 28, 2016) is (a) incorrectly decided, and irreconcilable with § 1447 and (b) dependent upon Eighth Circuit precedent which is inconsistent with *Polo* and which does not apply here.

PLAINTIFF'S RESPONSE BRIEF REGARDING SYED II – 4
CASE NO. 2:16-CV-01415-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 | RESPECTFULLY SUBMITTED AND DATED this 28th day of April, 2017.

2 | TERRELL MARSHALL LAW GROUP PLLC

3 | By: /s/ Beth E. Terrell, WSBA #26759
4 |     Beth E. Terrell, WSBA #26759
    Email:  bterrell@terrellmarshall.com
5 |     936 North 34th Street, Suite 300
    Seattle, Washington  98103
6 |     Telephone:  (206) 816-6603
    Facsimile: (206) 319-5450
7 |

8 |     E. Michelle Drake, *Admitted Pro Hac Vice*
    Email:  emdrake@bm.net
9 |     Joe Hashmall, *Admitted Pro Hac Vice*
    Email: jhashmall@bm.net
10 |     BERGER & MONTAGUE, P.C.
    43 SE Main Street, Suite 505
11 |     Minneapolis, Minnesota 55414
    Telephone:  (612) 594-5933
12 |     Facsimile:  (612) 584-4470

13 |
14 | *Attorneys for Plaintiff*

PLAINTIFF'S RESPONSE BRIEF REGARDING SYED II – 5
CASE NO. 2:16-CV-01415-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com


## CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on April 28, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Steven H. Winterbauer, WSBA #16468
> Email: steven@winterbauerdiamon.com
> WINTERBAUER & DIAMOND PLLC
> 1200 5th Avenue, Suite 1700
> Seattle, Washington 98101-3147
> Telephone: (206) 676-8440
> Facsimile: (206) 676-8441
>
> David D. Kadue, *Admitted Pro Hac Vice*
> Email: dkadue@seyfarth.com
> SEYFARTH SHAW LLP
> 2029 Century Park East, Suite 3500
> Los Angeles, California 90067
> Telephone: (310) 277-7200
> Facsimile: (310) 201-5219
>
> John W. Drury, *Admitted Pro Hac Vice*
> Email: jdrury@seyfarth.com
> Pamela Q. Devata, *Admitted Pro Hac Vice*
> Email: pdevata@seyfarth.com
> SEYFARTH SHAW LLP
> 131 South Dearborn Street, Suite 2400
> Chicago, Illinois 60603
> Telephone: (312) 460-5263
> Facsimile: (312) 460-7000
>
> Courtney Stieber, *Admitted Pro Hac Vice*
> Email: cstieber@seyfarth.com
> SEYFARTH SHAW LLP
> 620 8th Avenue
> New York, New York 10018
> Telephone: (212) 218-3382
> Facsimile: (212) 218-5526
>
> *Attorneys for Defendant*

PLAINTIFF'S RESPONSE BRIEF REGARDING SYED II – 6
CASE NO. 2:16-CV-01415-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 | DATED this 28th day of April, 2017.

2 | TERRELL MARSHALL LAW GROUP PLLC

3 | By: /s/ Beth E. Terrell, WSBA #26759
4 | Beth E. Terrell, WSBA #26759
    | Email: bterrell@terrellmarshall.com
5 | 936 North 34th Street, Suite 300
    | Seattle, Washington 98103
6 | Telephone: (206) 816-6603
    | Facsimile: (206) 319-5450

7
8 | *Attorneys for Plaintiff*

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFF'S RESPONSE BRIEF REGARDING SYED II – 7
CASE NO. 2:16-CV-01415-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com