UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIUS TERRELL,

          Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

          Defendant.

CASE NO. C16-1415JLR

ORDER OF REMAND

## I. INTRODUCTION

Before the court is Plaintiff Julius Terrell's and Defendant Costco Wholesale Corporation's ("Costco") responsive briefing to the court's order directing briefing on Mr. Terrell's Article III standing. (*See* 4/12/17 Order (Dkt. # 52); Costco Op. Br. (Dkt. # 54); Terrell Op. Br. (Dkt. # 55); Costco Resp. (Dkt. # 57); Terrell Resp. (Dkt. # 58).) Having considered the parties' briefing, the relevant portions of the record, and the

//

applicable law, the court REMANDS this case to King County Superior Court for lack of subject matter jurisdiction.

## II. BACKGROUND & ANALYSIS

This is a putative class action in which Mr. Terrell alleges that Costco violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by providing noncompliant disclosures to job applicants. (*See generally* Compl. (Dkt. # 5-1).) On September 6, 2016, Costco removed this case from King County Superior Court. (*See* Not. of Removal (Dkt. # 1).) Costco then moved to dismiss the case for lack of Article III standing based on *Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S. Ct. 1540 (2016). (MTD (Dkt. # 19).) Mr. Terrell responded that his allegations supported standing and, at any rate, the case should be remanded—not dismissed—if the court concluded that he lacked standing. (*See* MTD Resp. (Dkt. # 28).)

Relying in large part on the Ninth Circuit's initial opinion in *Syed v. M-I, LLC*, 846 F.3d 1034 (9th Cir. 2017) ("*Syed I*"), *amended and superseded on denial of rehearing en banc by Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. Mar. 20, 2017) ("*Syed II*"), the court concluded that Mr. Terrell had adequately alleged facts to support his Article III standing and denied Costco's motion to dismiss. (3/10/17 Order (Dkt. # 44).) Following the court's order, however, the Ninth Circuit issued *Syed II*, which amended and superseded *Syed I*. *See Syed II*, 853 F.3d at 499-500. This court reviewed *Syed II*, determined that the amendments to *Syed I* arguably alter the conclusion the court reached in its initial order denying Costco's motion to dismiss, and ordered the parties to brief the impact of *Syed II* on Mr. Terrell's Article III standing. (4/12/17 Order at 2-5.)

ORDER - 2

In response, neither party argues that Mr. Terrell's allegations sufficiently support his Article III standing.[1] Courts lack subject matter jurisdiction over actions in which the plaintiff lacks Article III standing. *See Bernhardt v. Cty. of L.A.*, 279 F.3d 862, 868 (9th Cir. 2002); (*cf.* Costco Resp. at 3 ("The Court should not muddle Article III standards with the question of whether a matter can be removed under 28 U.S.C. § 1441.").) Because the federal courts are courts of limited jurisdiction, the court presumes that a given cause lies outside its jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Costco, as the removing party, bears the burden of establishing the court's subject matter jurisdiction.[2] *See id.* Instead, Costco argues that Mr. Terrell lacks standing and that this court therefore lacks subject matter jurisdiction. (Costco Op. Br. at 1-5.) Accordingly, the court concludes that Costco has failed to rebut the presumption against federal jurisdiction.[3]

---

[1] (*See* Terrell Op. Br. at 2-3 (arguing that the court should remand without ruling on standing because neither party advocates for federal jurisdiction); Costco Op. Br. at 1-5 (arguing that under *Spokeo* and *Syed II*, Mr. Terrell failed to allege an injury-in-fact and therefore lacks Article III standing); *see also* Terrell Not. (Dkt. # 51) at 2-3 ("Plaintiff does not wish to expend the Court's resources on further litigation of this matter only to have Defendant raise the issue of subject-matter jurisdiction months, or even years, from now. Nor does Plaintiff wish to litigate under the constant threat of Defendant raising the issue of a lack of subject-matter jurisdiction.").)

[2] The burden of demonstrating federal jurisdiction can shift depending on the stage of the case. *See, e.g., DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (requiring the plaintiffs to establish federal jurisdiction in a removed case because they were "the part[ies] asserting federal jurisdiction when it [was] challenged"). Here, no substantive proceedings occurred between Costco's removal on September 6, 2016, and its challenge to Mr. Terrell's standing on September 23, 2016. (*See* Dkt.) Moreover, neither party has shouldered the burden of showing federal jurisdiction.

[3] Costco argues that the court should nonetheless determine whether Mr. Terrell has adequately pleaded Article III standing. (Costco Resp. at 2-3.) The court need not reach that

The parties also dispute whether the court's lack of subject matter jurisdiction warrants remand or dismissal. (Terrell Op. Br. at 2-5; Costco Op. Br. at 5-8; Terrell Resp. at 1-3; Costco Resp. at 3-4.) In a case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Remand is generally compulsory, not discretionary. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989)) ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III.").

Costco argues a futility exception to the compulsory language of Section 1447(c) applies here. (Costco Op. Br. at 5-7 (citing *Bell v. City of Kellogg*, 922 F.2d 1418, 1424-25 (9th Cir. 1991)); Costco Resp. at 3-4 (same).) Even assuming that the futility exception embraced in *Bell* remains good law, *cf. Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 88-89 (1991); *Polo* 833 F.3d at 1197, Costco has not shown that it is "certain that a remand to state court would be futile," *Bell*, 922 F.2d at

---

question because neither party attempts to rebut the presumption that the court lacks subject matter jurisdiction. *See, e.g., Mocek v. Allsaints USA Ltd.*, --- F. Supp. 3d ---, 2016 WL 7116590, at *2 (N.D. Ill. Dec. 7, 2016) ("Because the parties are now aligned in the view that I lack subject-matter jurisdiction, I need not accept defendants' invitation to undertake a *Spokeo* analysis to conclude that remand is required."); *Black v. Main Street Acquisition Corp.*, No. 5:11-CV-0577 (LEK/DEP), 2013 WL 1295854, at *1 (N.D.N.Y. Mar. 27, 2013) (remanding a case *sua sponte* where "no party shoulder[ed] the burden of proving jurisdiction"); *but see St. Louis Heart Ctr., Inc. v. Nomax, Inc.*, No. 4:15-CV-517 RLW, 2017 WL 1064669, at *3 (E.D. Mo. Mar. 20, 2017), *appeal docketed*, No. 17-1794 (8th Cir. Apr. 13, 2017) (rejecting similar reasoning and dismissing a removed action with prejudice based on the plaintiff's failure to demonstrate its standing).

1425; *see also Polo*, 833 F.3d at 1198-99. Costco shows only that when analyzing a plaintiff's standing, Washington state courts tend to follow federal Article III jurisprudence. (*See* Costco Op. Br. at 5-6; Costco Resp. at 3-4.) The Washington appellate courts have not yet determined whether *Spokeo*'s clarifications to the injury-in-fact prong extend to Washington law on standing, and it is therefore unclear whether remand would be futile. *See Polo*, 833 F.3d at 1198-99. The comity interests embodied by Section 1447(c)'s mandatory language therefore operate strongly here. *Cf. Bell*, 922 F.2d at 1425 ("Because we are certain that a remand to state court would be futile, no comity concerns are involved."). Accordingly, the court remands this case for lack of subject matter jurisdiction.

### III. CONCLUSION

Based on the foregoing analysis, the court ORDERS that:

1. Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the King County Superior Court;

2. The Clerk shall send copies of this order to all counsel of record for all parties;

3. Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of the order of remand to the Clerk for King County Superior Court;

4. The Clerk shall also transmit the record herein to the Clerk of the Court for King County Superior Court;

5. The parties shall file nothing further in this matter, and instead are instructed to seek any further relief to which they believe they are entitled

from the courts of the State of Washington, as may be appropriate in due course; and

6. The Clerk shall CLOSE this case.

Dated this 16th day of May, 2017.

JAMES L. ROBART
United States District Judge